# L. E. & ST. L. RAILROAD COMPANY

v.

## JOSEPH LANTER.

*Railroads—Highways—Laying of Tracks in—Damage to Private Individual.*

1. Where the evidence in a given case does not disclose how the public obtained the right of way for a public highway, the presumption of law will be that only an easement was secured.

2. In an action brought by a private individual to recover from a railroad company damages arising from the construction of its track along and within a public highway with the consent of the commissioners of highways, a new highway being opened up at some distance away with the sum paid as damages by said company, such use and occupancy having caused the abandonment of the old highway, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

[Opinion filed March 11, 1893.]

APPEAL from the Circuit Court of St. Clair County; the Hon. A. S. WILDERMAN, Judge, presiding.

Messrs. G. & G. A. KOERNER, for appellant.

Messrs. TURNER & HOLDER, for appellee.

MR. JUSTICE SAMPLE. The appellant located and constructed its railroad track along and within a public highway by the consent of the commissioners. The track, as appears by the resolution of the board, was to begin at the center of Sec. 17, on the west, and run east to the center of Sec. 15, in town 1 north, range 6 west, in St. Clair County, Illinois. The appellee was the owner of a portion of the northeast quarter of Sec. 16, extending on the south down to the center of the section, on which, within sixty-four feet of the south line, he had erected substantial buildings. His house fronted to the south on the public highway. The horse lot adjoining his barn, also extended to the highway. He had lived on those premises for many years, the highway in front of his house forming the outlet for travel. When the railroad track was constructed the highway was rendered impassable. The railroad company, in consideration of the grant, had paid to the commissioners several hundred dollars, with which they located and improved a highway one-half mile further south. The arrangement, as shown by the evidence and the conduct of the parties was, that the highway in which the track was laid should be, as it was, abandoned, as neither the railroad company nor the highway

commissioners thereafter attempted to put it in condition for travel. The appellee brought suit for damages and recovered a verdict and judgment thereon for $900.

The declaration alleged specific and special damages arising from the construction of the railroad tracks, to which the evidence was confined by the court. It is urged, as grounds of reversal, that the evidence does not show that appellee owned the fee of any part of the land on which the track was laid; that if it does, the appellee consented to the laying of the track and can not, after the act, be heard to object; that the verdict is not warranted by the evidence, and that the court erred in admitting evidence, and in giving and refusing certain instructions. The evidence shows that the appellee owned the fee down to the half section line over which the track was authorized by the commissioners to be laid, and where it was laid. The evidence does not show how the public obtained the right of way for a public highway, but in the absence of such proof the presumption of law will be that only an easement was secured. The evidence fully warrants the verdict as to the amount of damages, and while it was not strictly proper to permit on cross-examination to draw out from the witness, Perrin, his estimate of the damages, yet as it evidently tended to reduce them, we think it was harmless error.

The appellee did not induce or solicit the appellant to lay its track in the highway. He was at no time content with such an arrangement, and absolutely, in his quiet way, refused to release the damage that he believed would arise therefrom. Neither by his conduct nor language is he estopped from maintaining this suit. The point made on the instruction is that they allowed the jury to consider damages other than that which would be special to the appellee. We do not think it well taken for the reason that no evidence was offered of any damages other than those that under the authority of L. E. & W. R. R. Co. v. Scott, 132 Ill. 429, were of a special nature. There is another reason which might be given, but as the matter has not been discussed by counsel we will not now assign it. The judgment was right and will be affirmed.    *Judgment affirmed.*