148   226
194  ²578
195  ¹405
e195   465
100a ¹330
100a ²335
e100a¹340

148   226
e111a⁵ 77
111a ⁵ 78
e112a³491

148   226
212  ⁶412
212  ⁶414
114a ⁵227

THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY *et al.*

*v.*

MARY E. DARKE.

*Filed at Ottawa November 29, 1893.*

1. RAILWAYS—*liability for injury to private property used for a residence.* It can not be doubted that, at common law, mere noise in the immediate vicinity of the premises, and especially of the dwelling house of the land owner, may be of such a character as to constitute an actionable nuisance, remediable by an action on the case for damages, or by injunction.

2. If the noise, confusion and disturbance caused by the engines and cars of a railway company to private property in the vicinity are such as would, in the absence of legislative authority, have constituted an actionable nuisance, the existence of such authority in no way relieves them of their damaging effect, so as to take away from the property owners their right to redress, or so as to convert what was before actionable, into a case of *damnum absque injuria.*

3. In an action against a railroad company for damages to the plaintiff's premises used for a residence, caused by the construction and operation of its road in the near vicinity of his property, the court refused an instruction asked by the defendant, to the effect that the plaintiff could not recover for any damages to his property alleged to have been caused by reason of any noise, confusion or disturbance occasioned by the operation of the defendant's trains in the yards or upon the tracks of the defendant, or for unsightly structures on the defendant's premises in front of the plaintiff's property: *Held,* that the instruction was properly refused.

4. JOINT LIABILITY—*of two defendants—when presented to this court.* Where the question of the joint liability of two railway companies is not raised in the trial court by exception to the ruling of the court in relation to the exclusion or admission of evidence, by an instruction to the jury, either given or asked, or by any points made in the defendants' motion for a new trial, it can not be considered by this court.

5. EMINENT DOMAIN—*compensation for damage to private property.* The constitution gives to every property owner whose property is damaged for a public use the right to compensation, and while he can not sue as for a nuisance when his property has been damaged by a public improvement erected and maintained in pursuance of law, his right to compensation remains, and may be enforced by any appropriate remedy.

6. Same—*measure of damages to property not taken.* On the question of compensation for damages to property not taken in the construction and operation of a railroad, the jury may consider all inconveniences from the sounding of whistles, ringing of bells, rattling of trains, jarring of the ground, or from smoke, so far as they severally arise from the use of the strip of ground taken, including all common and direct damages,—that is, such damages as affect the owner in common with all other members of the community.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. Tuthill, Judge, presiding.

Mr. Edwin Walker, for the appellants:

As to the right of the land owner to compensation for damages to his property not taken, see *Rigney* v. *Chicago,* 102 Ill. 64; *Railway Co.* v. *Hall,* 90 id. 42; *Springfield* v. *Griffith,* 21 Ill. App. 93.

Where the acts of different defendants are entirely distinct and separate, there can be no joint liability. *Railway Co.* v. *Scates,* 90 Ill. 586; *Yeazel* v. *Alexander,* 58 id. 254.

Where there is a joint finding against two defendants, the evidence being insufficient as to one, either or both are entitled to a new trial, and judgment upon such joint verdict can not be maintained. *Sperry* v. *Dickinson,* 82 Ind. 132.

Messrs. Ela, Grover & Graves, for the appellee:

Under the authorities no physical injury to the property itself need be shown,—injury to the use of the property is all that is necessary. The record discloses injury to both, to the extent of more than twice the amount of the verdict. *Rigney* v. *Chicago,* 102 Ill. 65; *Railroad Co.* v. *Ayres,* 106 id. 512; *Railroad Co.* v. *Loeb,* 118 id. 203; *Railroad Co.* v. *Scott,* 132 id. 429; *Railroad Co.* v. *Nix,* 137 id. 141; *Railroad Co.* v. *Blume,* id. 449; *Railroad Co.* v. *Wolf,* id. 366; *Railroad Co.* v. *Greiney,* id. 628; *East St. Louis* v. *O'Flynn,* 19 Bradw. 67.

An owner can recover, in a condemnation suit, damages to land not taken, in the following cases:

For any damages naturally resulting from the construction of the railroad. *Railroad Co.* v. *Aldrich*, 134 Ill. 15.

For such incidental injury as would result from the perpetual use of the track for moving trains, and generally for such damages as are reasonably probable to ensue from the construction and operation of the proposed road. *Railroad Co.* v. *Bowman*, 122 Ill. 595.

For all injury which shall grow out of or be occasioned by the location and use of the railroad at the proposed place. *Railroad Co.* v. *Teters*, 68 Ill. 144.

A case of this character is governed, in estimating and assessing damages, by the same rules governing the assessing of damages in condemnation proceedings. *Railroad Co.* v. *Andrews,* 26 Kan. 711.

The defendants are jointly liable. *Balsley* v. *Railroad Co.* 119 Ill. 68; *Railroad Co.* v. *Ellett*, 132 id. 654; 2 Wood on Landlord and Tenant, 1280; Wood on Nuisances, 869, sec. 821; 16 Am. and Eng. Ency. of Law, 981.


Mr. Justice Bailey delivered the opinion of the Court:

This is an action on the case, brought by Mary E. Darke against the Chicago, Milwaukee and St. Paul Railway Company and the Chicago, Evanston and Lake Superior Railway Company, to recover damages to certain real property of the plaintiff, caused by the construction, maintenance and operation of a line of railway near the same. The plaintiff, as it appears, at and prior to the construction of the railway, was the owner in fee of two lots on the west side of Chicago avenue, in the village of South Evanston, having a frontage on the avenue of one hundred feet, each lot having thereon a dwelling house and being used solely as residence property, the entire property being worth from $12,000 to $15,000. In the year 1885, the line of railway in question was built on the opposite side of and adjoining the avenue, so as to leave

only the width of the avenue, which was about seventy-five feet between the railway and the plaintiff's property.

The declaration alleges, among other things, in substance, that prior to the building of the railway, the atmosphere upon and about the plaintiff's premises was pure and free from noxious vapors, smoke, and other unhealthful and injurious substances, and her premises were free from the injurious effects, damages and nuisances complained of, but that the defendants wrongfully and injuriously entered upon the land in front of the plaintiff's premises and constructed and have maintained thereon their railway, with divers tracks, side-tracks and switches, and have operated the same by running thereon divers steam locomotive engines and trains of cars, the number of trains daily being, to-wit, fifty, and that the defendants, in operating their railway, and permitting it to be operated, have unlawfully, unjustly and injuriously permitted to be thrown and deposited in and upon the plaintiff's premises, divers large quantities of smoke, cinders, dust, soot, ashes, sparks of fire, and other noxious and injurious substances, and that by reason of operating the railway opposite the plaintiff's property, the soil of the plaintiff's premises has been and is greatly shaken, disturbed, vibrated and damaged. Also, that the railway has been constructed and operated in such close proximity to the plaintiff's property, that necessarily, by reason of such operation in the ordinary and usual way of operating steam railways, there have been constantly, day and night, cast, thrown and deposited, from the defendants' engines and cars, upon the plaintiff's property, large quantities of smoke, cinders, ashes, soot, dust and other noxious vapors and substances, which cause and have caused great damages to the plaintiff's property. A second count also alleges that the defendants have allowed and permitted locomotive engines to remain standing, and to run backward and forward in front of the plaintiff's premises

with great noise caused by escaping steam, the ringing of bells, and otherwise.

It appears that the railway, at the point in question, was built with two main tracks and several side-tracks and switches, and that nearly opposite the plaintiff's property, were erected an engine house and a water tank with a stationary engine, and the evidence tends to show that the side-tracks in that vicinity were used, to a great extent, for standing locomotive engines thereon when not in use on the road, and that the fire and ashes were removed therefrom at that point and deposited on the ground, and the fires again started when the engines were about to be used.

Evidence was also introduced tending to show that, when the wind was in the proper direction, smoke, ashes and cinders, to a considerable amount, were blown from the railway on to the plaintiff's premises, and that the value of her premises was depreciated from that cause, as well as from the noises produced by the engines and cars on the railway, and also by reason of the unsightly nature of the railway structures. Witnesses were produced who testified as to the amount of the damages to the plaintiff's property thus occasioned, their estimates including all these elements of damage, but generally specifying the proportion of the damages testified to by them arising from each of these causes.

The jury found the issues for the plaintiff and assessed her damages at $3800, and judgment was rendered in her favor for that sum and costs. That judgment, on appeal to the Appellate Court, was affirmed, and this appeal is from the judgment of affirmance.

The point was made in the Appellate Court, and is renewed here, that the two railway companies sued are not jointly liable, and that a joint verdict and judgment against them are therefore erroneous. The contention is, that the railway in question was constructed and put in operation in the year 1885 by the Chicago, Evanston and Lake Superior Railway

Company and was operated by that company until December, 1887, when it was leased to the Chicago, Milwaukee and St. Paul Railway Company, and has since that time been operated exclusively by the latter company. It is claimed that all damages to the plaintiff's property resulting from its construction and operation then accrued, and can be recovered only from the company then owning and operating the road.

It is sufficient to say, that all questions of fact being conclusively settled by the judgment of the Appellate Court, and the question of the joint liability of the two railway companies having been in no way raised in the trial court as a question of law, it is not so presented by the record as to be reviewable in this court. It was not raised at the trial by exception to any ruling of the court in relation to the exclusion or admission of evidence, by any instruction to the jury either given or asked, or by any point made in the defendants' motion for a new trial. If litigated at all in the trial court—of which there is no evidence—it was submitted to the jury as a mere question of fact, and its decision being adverse to the defendants, they are now concluded.

Complaint is made of the refusal of the court to give to the jury the following instruction asked by the defendants:

"The court further instructs you that the plaintiff can not recover in this action any damages to her property alleged to have been caused by reason of any noise, confusion or disturbance occasioned by the operation of the defendants' trains in the yards, or upon the tracks of the defendants, or for unsightly structures on the defendants' premises in front of the plaintiff's property."

In considering the propriety of this instruction, it will be unnecessary for us to determine whether the plaintiff could be entitled, in any event, to recover damages to her property, caused by the erection and maintenance of unsightly structures on the defendants' right of way in front of her premises, since, if the instruction was erroneous in holding that she

could not recover damages caused by any noise, confusion or disturbance occasioned by the operation of the defendants' trains, it was properly refused.

It can not be denied that the decisions of the courts upon the question whether, in estimating damages to property not taken, the noise, confusion and disturbance caused by the engines and cars used in the operation of the railway can be considered, are somewhat conflicting.    Lewis on Eminent Domain, sec. 493.    Some of the decisions seem to hold that the employment of locomotive engines, the running of trains, and the noise and confusion thus caused, are the necessary and lawful incidents of the operation of railways, and therefore that damages to lands abutting upon or near the railway thereby caused, are *damnum absque injuria,* and are therefore incapable of affording any ground for the recovery of damages. But we are not prepared to coincide with that view.

It can not be doubted that, at common law, mere noise in the immediate vicinity of the premises, and especially of the dwelling-house of a land owner, may be of such character as to constitute an actionable nuisance, remediable by an action on the case for damages or by injunction. *Crump* v. *Lambert,* L. R. 3 Eq. Cas. 409; *Broder* v. *Saillard,* L. R. 2 Chan. Div. 692; *Davis* v. *Savage,* 133 Mass. 289; *Bishop* v. *Banks,* 33 Conn. 118; *Fisher* v. *Dodge,* 4 Denio, 311; Bispham's Eq. (5th ed.) sec. 441; Wood on Nuisances, chap. 18.

The railway having been built and being operated by authority of law, its operation of course can not be held to be in law a nuisance, but while that is so, it is difficult to see how the damages resulting to adjacent property from its operation are in any degree affected by that circumstance.    If the noise, confusion and disturbance caused by the defendants' engines and cars are such as would, in the absence of legislative authority, have constituted an actionable nuisance, the existence of such authority in no way relieves them of their damaging effect, so as to take away from property owners their right to

redress, or so as to convert what was before actionable into a case of *damnum absque injuria.* The Constitution gives to every property owner whose property is damaged for a public use the right to compensation, and while he can not sue as for a nuisance where his property has been damaged by a public improvement erected and maintained in pursuance of law, his right to compensation remains, and may be enforced by any appropriate remedy.

Sutherland, in his Treatise on the Law of Damages, in discussing the rule of compensation for damages to property not taken in the construction and operation of a railroad, says that the jury "may consider all inconveniences from the sounding of whistles, ringing of bells, rattling of trains, jarring of the ground, or from smoke, so far as they severally arise from the use of the strip of ground taken, excluding all common and indirect damages, that is, such damages as affect the owner in common with all other members of the community." 3 Suth. on Dam. 437. The same rule is recognized in *G., C. & S. F. R. R. Co.* v. *Eddins,* 60 Texas, 656; *S. C. R. R. Co.* v. *Steiner,* 44 Ga. 546.

But it is urged that the contrary rule was adopted by this court in *C., M. & St. P. R. R. Co.* v. *Hall,* 90 Ill. 42. One expression seems to have been used in the opinion in that case to the effect that the noise and confusion in the vicinity of the railroad could not be considered in the estimate of damages. On examining the report of the case, however, it will readily be seen that no such question was involved in the case. No damages by reason of the noise and confusion caused by the operation of the railroad was claimed in the pleadings, nor so far as appears was any evidence on that subject offered, nor any claim made to damages arising from that cause. The subject seems to have been referred to in the opinion merely by way of argument or illustration, and can not be treated as a decision of the question, as no such question was before the court for decision.

But the precise question now under consideration was before this court in *C., P. & St. L. Ry. Co.* v. *Nix*, 137 Ill. 141, which was a proceeding by the railway company under the Eminent Domain Law. The following instruction was asked by the railway company and refused: "You are instructed that in this proceeding, you can not allow any damages on account of the noise made by passing trains." In holding that this instruction was properly refused, we said: "The noise made by passing trains is a necessary incident to the proper operation of a railway, and in so far as such noise will have a tendency to render the farm less desirable as a place of residence, and therefore less valuable in the market, it was an element of damage which the jury might properly take into consideration." See also *L. E. & W. R. R. Co.* v. *Scott*, 132 Ill. 429.

We are of the opinion then that the instruction asked in this case was properly refused. Other points are made which we have duly considered, but we do not regard any of them as calling for further discussion. We find no error in the record, and the judgment of the Appellate Court will therefore be affirmed.                                    *Judgment affirmed.*