### Illinois Central R. R. Co. v. Thomas Davis.

1. EMINENT DOMAIN—*Damages to Property Not Taken.*—The right to recover damages for injuries to private property occasioned by the occupation of other property for public use is secured by the Constitution of 1870. And in a suit against a railroad company, for damages caused by the construction of additional side tracks, it is immaterial whether the fee of the street is in the public or the railroad.

2. LIMITATIONS—*As to Damages Caused by the Construction of Railroad Tracks.*—The fact that the statute of limitations has run as to damages caused by the original construction of a railroad in a public

street, does not prevent a recovery for damages caused by the construction of additional tracks.

**Trespass on the Case,** for damages to real estate. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed June 16, 1897.

PALMER, SHUTT, DRENNAN & LESTER, attorneys for appellant.

STEVENS & LANPHIER, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

In the court below appellee recovered judgment on a verdict for $250 against appellant, for damage alleged to have been caused to his residence by the location of its tracks and the operation of its trains. The pleas were, not guilty, and the statute of limitation of five years. Motions to instruct for the defendant at the close of the evidence and for a new trial were denied, and exception thereto duly taken, and from the judgment rendered this appeal is prosecuted.

Madison street in Springfield, running east and west, crosses Fifteenth, running north and south, and appellee's lot is on the southwest corner of their intersection—known as lot thirty-two in the Cottage Garden Addition to the city. About the year 1867, in anticipation of the extension of Madison street he purchased it of N. H. Ridgely, as a corner lot, built a dwelling house thereon, afterward enlarged, and has ever since occupied it with his family as their residence. That street was afterward extended as expected, and by an ordinance of March 11, 1871, the city granted to the Springfield & Southeastern R. R. Co., the Gilman, Clinton & Springfield R. R. Co., and the Springfield & Northwestern R. R. Co., the right of way upon Madison street, from the east line of Thirteenth west and that part east of Fifteenth to Grand avenue, upon a single track in

the center of said street, together with such side tracks as should be necessary for the successful operation of said roads, upon condition, among others, that these railroad companies should procure the right of way between Thirteenth and Fifteenth streets, of the same width as that of Madison, west of said streets, and dedicate to the city for street purposes so much of the street as should not be needed for those of said road or roads, for a single track. In May, 1871, Ridgely conveyed to John Williams the land required for the opening or extension of Madison street past appellee's lot. Williams and wife, by their deed of September 1, 1871, " Grant, bargain sell, convey and confirm and dedicate to the city of Springfield, for a street and public highway," the lots described—reserving to the railroad companies the rights conferred by the ordinance—" to have and to hold for the use and purposes aforesaid," with covenants of seizin, against incumbrances, and of warranty against the claims of themselves, their heirs and assigns. In November of the same year they quit-claimed the same lots to the Clinton, Gilman & Springfield Railroad Company, and to its rights, whatever they may be, appellant has succeeded; under which it claims the fee in the street, while for appellee it is claimed to be in the city.

During the year 1871, after the passage of the ordinance, the C. G. & S. R. R. Co. laid its main track in the center of Madison street along the north side of appellee's lot, and four switches between it and said lot—the switches commencing in the main track opposite the lot and extending east across Fifteenth street, the southernmost switch being at the nearest point about sixteen feet from the northwest corner of said lot.

Of this arrangement and location of these switches appellee made no complaint. In his business he used to drive a lumber wagon, with which he could pass between the switch and his fence. But in the summer of 1895 appellant procured the passage of an ordinance authorizing it to change and extend the lines of these switch tracks; and under it a relocation of them was so made as to extend

them west, nearly to Fourteenth street, to bring the south rail of the south one within five feet, and of course the ends of the ties still less, from appellee's lot, at the corner of Fifteenth and Madison streets. No vehicle could pass between the track and his fence to or from Fourteenth. His dwelling fronted on Madison. There were two switch posts on that street between the south track and his lot. These tracks were more widely separated and extended for the purpose of accommodating more cars and relieving the main track. This was doubtless important to the company, but the evidence tends to show it materially impaired appellee's rightful use and enjoyment of the streets and damaged his property; that more engines and cars were left standing in front of his residence, nearer to it and for longer periods; that the vibration of the foundation and walls of the house was greatly increased; that smoke and noxious vapors from the engine filled it; that cinders were thrown like hail upon the porch and against the windows, so that it was impossible to keep the house clean. And beside the evidence in the record, it appears that the jury, pursuant to a stipulation of the parties, were allowed to view the premises.

The damages found were clearly within the range of the proof, and the only question is whether appellant was liable for them. That question, we think, is so well settled against it, that but little need be said beyond the citation of a few Illinois cases.

The evidence was confined to the damage caused by the relocation of the switch lines in 1895, to which the statute of limitations did not apply. And whether appellant or the city owned the few in the street is immaterial. For all the damages here claimed and shown, appellee had the warrant of the constitution of 1870. Whether appellant relocated its switch tracks of its own motion, as owners of the fee, or by authority of the ordinance, it was subject to its liability for damages of this kind, if any were thereby caused, for the reason that the constitution, controlling both, made it so. Lake Erie & W. R. R. Co. v. Scott, 132

Ill. 429; Rigney v. The City of Chicago, 102 Ill. 64 and cases there cited; C. & W. I. R. R. Co. v. Ayres, 106 Id. 511.  No other property was affected in like manner.  Judgment affirmed.