## Illinois Central Railroad Co. v. Henry Schmidgall.

91      23
f97    ¹220.

1.  CITIES—*Can Not Grant to a Railroad Company the Right to Injure Property.*—A city can not give to a railroad company the right to throw dust, cinders and large volumes of smoke upon the property of a citizen, or to injure his property in any other way, without subjecting itself to liability for the injury done.

2.  DAMAGES—*To Adjacent Property in Operating a Railroad.*—The measure of compensation where property is damaged in consequence of the operation of a railroad, is the difference between what the property would have sold for unaffected by the railroad, and what it would sell for as affected by it.

**Action for Damages,** from cinders and smoke, etc.    Appeal from the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding.    Heard in this court at the February term, 1900.    Affirmed. Opinion filed September 8, 1900.

WILLIAM H. GREEN, attorney for appellant; J. M. DICKINSON, of counsel.

JAMES H. MARTIN, attorney for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

Appellee was the owner of a certain lot in the city of

Murphysboro, 180 feet in length, east and west, and sixty feet in width, north and south. There were three buildings on the lot, one of which, on the east end, was a double brick store building; another, on the west end, was a frame storehouse, used for mercantile purposes; and between these two buildings was appellee's dwelling house, where he resided. All of the buildings faced north on Walnut street which runs east and west. Thirteenth street runs north and south past the east end of the lot. Appellant's depot is about 200 feet north of the northeast corner of the lot.

The track of appellant's railroad is located in Thirteenth street. South of appellee's lot, the railroad track deflects toward the east, with a sharp curve and a heavy grade.

Appellee sued appellant in an action on the case for damages alleged to have been done to his property by appellant in constructing and maintaining its railroad over and along Thirteenth street, contiguous to appellee's property; and as elements of damage, he alleges in his declaration that appellant, by running and operating its trains along its railroad track in the street, casts large quantities of smoke, dust and cinders upon his premises, and creates loud and ominous noises, and causes appellee's grounds and buildings thereon to shake and vibrate; and that the trains by stopping at appellant's depot, block up and obstruct the Walnut street crossing, thereby diminishing the value of appellee's property for business and other purposes.

To the declaration the defendant filed a plea of not guilty. There was a trial by jury and a verdict and judgment for the plaintiff for $1,500 damages, and the defendant appealed and seeks a reversal of the judgment.

The principal errors assigned question the rulings of the court in admitting and rejecting evidence, and in giving instructions for plaintiff. Defendant asked but one instruction, which was that the jury should find for the defendant. The instruction was refused and defendant excepted, but as no point is made in the brief and argument, in regard to it, it need not be noticed.

On the trial the defendant offered in evidence an ordinance of the city of Murphysboro, granting to defendant

permission to lay its tracks on Thirteenth street, to which appellee objected; the court sustained the objection and defendant excepted, and assigns the ruling of the court as error, for which the judgment should be reversed.

We are unable to see wherein the error consists.    There was no contention by plaintiff that the track of the railroad was wrongfully laid in the street.    The city did not and could not give to the railroad company the right to throw dust, cinders and large volumes of smoke upon appellee's property, or to injure the property in any other way, without subjecting the company to liability for the injury it might do in operating its railroad.    Section 13, of article 2 of the Constitution of this State provides as follows :

" Private property shall not be taken or damaged for public use without just compensation."

The grievances complained of in the declaration are the same whether appellant was lawfully or unlawfully in the street.

If the street had been legally dedicated, so as to vest the legal title to the land in the city, the ordinance would have been equivalent to a grant by the city, to appellant, of an easement in the land to lay its railroad track in the street, and appellant would not have been liable to appellee for the taking of the land or for trespassing upon it; but the action was not brought for the easement in the land, or for a trespass upon it, but it was brought for injury done to appellee's property not in the street.

The presence of appellant in the street is presumed under the issues in this case to be lawful, and no issue or claim to the contrary was made, either by the declaration, by evidence, by argument, or by innuendo, so far as is shown by the record, and hence the grant contained in the ordinance, so far as we are able to see, had nothing to do with the case, and the court did not err in sustaining appellee's objection to the introduction of the ordinance in evidence.

It is assigned for error that Bastien, a witness for appellee, and who occupied one of appellee's stores at the corner of Thirteenth and Walnut streets, was permitted to testify,

against appellant's objection, that trains stopping at the depot blocked the crossing at Walnut street, so that the business of the store had been considerably diminished. If it be conceded that the evidence was too remote to become a foundation for damages, we do not think, on the whole record, its reception should be held reversible error. Eleven other witnesses testified that the damage to the property was all the way from $1,000 to $3,000; eight of them placed the damages at sums exceeding the amount of the verdict. It does not appear from the record that any of these witnesses based their estimates upon the claimed fact that business at the stores had diminished. On behalf of appellant, five witnesses testified to the amount of damages to appellee's property. One estimated the damages at $1,000; another at $700 to $1,000; two witnesses were of the opinion that there had been no depreciation in the value of the property, and one witness had no opinion about the matter. Under such circumstances, we are of the opinion that the judgment ought not to be reversed for the error complained of. C., B. & N. R. R. Co. v. Bowman, 122 Ill. 595, 604.

One of the witnesses for appellee was asked, on cross-examination, whether he paid more or less rent for the building he was occupying than he did before the road was operated in Thirteenth street. Appellee objected to the question and the court sustained the objection, and defendant excepted. The witness occupied a building across the street on an entirely different block. The ruling of the court was correct, as the inquiry was not proper cross-examination. The same is true with reference to the inquiries made of the witness Kuehle.

Complaint is made of the following instruction given on behalf of appellee:

"The jury are instructed that in determining whether plaintiff's property is lessened in value by reason of the construction and proposed operation of the railroad, the jury may consider the injury to plaintiff's property, if any is proved, arising from the inconveniences actually brought about and occasioned by the operation of defendant's railroad, although such damages might not be susceptible of

definite ascertainment; and they may consider generally such damage as the evidence may show, if any, is reasonably probable to ensue from the operation of the defendant's said railroad."

It is objected to this instruction that inconvenience can not be made the basis of damage. While it is true that every inconvenience is not an actionable wrong, still the inconveniences proven were such as are actionable. Rigney v. City of Chicago, 102 Ill. 64; L. E. & W. R. R. Co. v. Scott, 132 Ill. 429; C., M. & St. P. Ry. Co. v. Drake, 148 Ill. 226.

The instruction does not assert that all inconveniences may be the basis of actionable damage.

An instruction defining what are actionable injuries, and directing the jury to confine their estimate of damages to such items of injury as were actionable, and to give damages for no other injuries, would doubtless have made the matter clearer, but we can not doubt the jury fully understood the inconveniences referred to in the instruction were those proven and no other.

Notwithstanding the defendant asked no instructions limiting the general language of the instruction complained of, we do not think the error in modifying it so as to have stated the law with absolute accuracy, should, in view of the whole evidence in the case, be held to be such an error as calls for a reversal of the judgment.

Complaint is also made of the giving of plaintiff's fourth instruction, which is as follows:

" The court instructs the jury, on behalf of the plaintiff, that the true measure of compensation, where no land is taken for the right of way for a railroad upon which to construct a roadbed and track, is the difference between what the whole property would have sold for unaffected by the railroad, and what it would sell for affected by it."

The instruction substantially states the rule of damages to be the depreciation in the market value of the property in consequence of the building and operating of the railroad. We can discover no serious objection to it.

While we are not to be understood as holding that the

28        APPELLATE COURTS OF ILLINOIS.

VOL. 91.] Western Ry. Equipment Co. v. Missouri Malleable Iron Co.

instructions given are entirely accurate, yet the most, if not all, of the criticisms passed upon them by counsel for appellant, are of such a character as required appellant's counsel to ask for more specific directions. While it is not the duty of the counsel on either side to try both sides of the case, it is the defendant's duty to present his defense both by evidence and by instructions to the jury. Bartlett v. Board of Education, 59 Ill. 364; Village of Hyde Park v. Washington Ice Co., 117 Ill. 233; Title " Instruction," 11 Ency. Pl. & Prac., p. 217; Thompson on Trials, Secs. 2341, 2346.

The instructions given for the plaintiff are substantially the same as those given in L. E. & W. R. R. Co. v. Scott, 132 Ill. 429, where they were not disapproved by the court.

There is no error in the record requiring a reversal of the judgment, and therefore it is affirmed.