## Illinois Central R. R. Co. v. Fred. A. Kuehle.

1. NUISANCES—*Not Justified by Legislative Authority.*—If the noise, confusion and disturbance caused by the engines and cars of a railroad company are such as, in the absence of legislative authority, would constitute an actionable nuisance, the existence of such authority in no way relieves them of their damaging effect so as to take away from the property owners their right of redress, or, so as to convert what was before actionable into a case of *damnum absque injuria.*

**Action for Damages to Real Property.**—Appeal from the Circuit Court of Jackson County; the Hon. OLIVER A. HARKER, Judge, presiding. Heard in this court at the August term, 1900. Affirmed. Opinion filed March 11, 1901.

WILLIAM H. GREEN, attorney for appellant; J. M. DICKINSON, of counsel.

JAMES H. MARTIN, attorney for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case by appellee against appellant, in the Circuit Court of Jackson County, to recover damages for injury to real property. Trial was by jury. Verdict and judgment in favor of appellee for $1,300.

Appellee owns the east half of lots 1, 2 and 3, in block 14, original city of Murphysboro. Situate on this property is a two-story frame building, the lower part of which is used for a store and a saloon and the upper part, consisting of six rooms, is occupied by appellee for a residence and has been so occupied by him with his family for many years. During the year 1888, appellant extended its railroad track along a public street of said city, passing within about forty feet of appellee's building, and since that time has run engines and cars over the same and operated it as a part of appellant's railroad system. Over this extension, from thirty-five to forty trains of cars a day pass appellee's premises. Sometimes the trains stop and block up the street. Sometimes the heavy trains have to be cut in two and two

engines be used in pulling them up the heavy grade that lies southeasterly from appellee's premises. The passing trains cause the ground to shake and the building to be unsteady. When the wind is from the north or northwest or northeast, it blows the smoke and dust in at the front door, and if there is a southwest wind it blows the smoke and dust in at the rear door.

It appears from the record that the city had granted to appellant permission to extend its railroad upon and along the street in question, and appellant's counsel contend that such damages to appellee's property as is shown by the evidence is *damnum absque injuria*. Acting upon this theory of the case, at the conclusion of all the evidence, appellant's counsel moved the trial court to exclude all the evidence from the jury and to direct the jury to return a verdict finding defendant not guilty. The refusal of the trial court to grant this motion is the first error assigned and principal ground urged for a reversal.

In L., E. & W. R. R. Co. v. Scott, 132 Ill. 429, the court says:

"As we understand the constitutional provision that private property shall not be taken nor damaged for public use without just compensation, it means to cover cases where damages are caused by acts that are legal and entirely within the powers of the corporation performing them, but in the doing of which, for the use and benefit of the public, private property is damaged."

And in C., M. & St. P. Ry. Co. v. Darke, 148 Ill. 226, it is said:

"The railway having been built and being operated by authority of law, its operation, of course, can not be held to be in law a nuisance, but while that is so, it is difficult to see how the damages resulting to adjacent property from its operation are in any degree affected by that circumstance. If the noise, confusion and disturbance caused by defendant's engines and cars are such as would, in the absence of legislative authority, have constituted an actionable nuisance, the existence of such authority in no way relieves them of their damaging effect, so as to take away from property owners their right to redress, or so as to

convert what was before actionable into a case of *damnum absque injuria.*"

The refusal of the trial court to direct a verdict for appellant was not error.

We find no error in the rulings of the trial court as to the admission or rejection of evidence, nor do we find any substantial error in the instructions complained of. We find no material errors in the record, the evidence fully warrants the verdict, and substantial justice has been done. The judgment of the Circuit Court is affirmed.