# Davenport, Rock Island & Northwestern Ry. Co. v. Francis M. Sinnet.

## Gen. No. 4204.

1. CONTIGUOUS—*what property is.* An entire piece of real estate is deemed contiguous to a railroad right of way if it abuts the same, notwithstanding such piece of real estate may appear upon a plat to have been subdivided.

2. ABUTTING PROPERTY OWNER—*right of, to recover for construction and operation of railroad.* Notwithstanding a railroad may have been built and is operated by authority of law, an abutting property owner may recover for injury to his property without proof of negligence.

3. MEASURE OF DAMAGES—*in action for injury to real property arising from the construction and operation of a railroad.* Measure of damages in an action brought by an abutting property owner against a railroad company for damages arising from the construction and operation of a railroad, is the same as that which prevails in condemnation cases and includes damage resulting from noise, vibration, danger from fire, etc., but does not include the danger that adults or children may be killed while upon the tracks. (Aldrich v. Metropolitan West Side R. R. Co., 195 Ill. 456, distinguished.)

4. MEASURE OF DAMAGES—*in action for injury to real property arising from the construction and operation of a railroad.* It is well settled that damage common to the public does not form a proper element of such measure, but if the construction and operation of a railroad causes cinders, ashes and sparks of fire to be cast upon and into a plaintiff's houses, previously erected on his contiguous land, and dams water back upon it, and thereby the value of his property is depreciated, it cannot be said that such damages are suffered by the public generally, merely because some other land owner, similarly situated in an adjoining block, may suffer similar injuries from cinders, ashes, fire and water.

5. MEASURE OF DAMAGES—*in action for injury to real property arising from the construction and operation of a railroad.* The correct rule as to the measure of damages in such a case is the difference between the fair cash market value of the property immediately before and immediately after the railroad was constructed and put in operation, so far as its change in value, if any, is due to the construction and operation of the road.

Action on the case for injury to real property. Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the April term, 1903. Reversed and remanded. Opinion filed October 23, 1903.

LANE & WATERMAN and SWEENEY & WALKER, for appellant.

SEARLE & MARSHALL, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Sinnet was and is the owner of the south twenty feet of out-lot 6 in Sinnet's addition to the city of Rock Island, and of lots 1 and 16 in block 1 in said addition, lying next south of and immediately contiguous to said twenty-foot strip, and of lot 2 in said block, lying next south of lot 1 and contiguous to it, and of lot 15 in said block, lying next south of lot 16 and contiguous to it. Said lots are sixty feet wide. Lots 1 and 2 face east on 43rd street, and lots 15 and 16 face west on 42nd street. Between lots 1 and 2 on the east, and lots 15 and 16 on the west, is a strip of land used as an alley, but which has not been accepted by the municipality, and Sinnet owns it. Sinnet thus owns a strip of land extending from north to south one hundred and forty feet, and from east to west between said streets. Upon this tract Sinnet placed six tenement houses, three facing each street. He appropriated sixty feet in width to each of the two houses on the south side of the tract, and forty feet in width to each of the other houses, but made no formal or platted re-subdivision of that kind. After these houses had been placed there, the Davenport, Rock Island and Northwestern Railway Company acquired a right of way immediately north of said south twenty feet of out-lot 6, and contiguous to said twenty feet, threw up an embankment thereon and built its railroad along said right of way, and has ever since been operating a railroad thereon. One of the great trunk lines also runs its trains over said track. One end of a switch track was also put in opposite Sinnet's property.

This is an action on the case brought by Sinnet against said railroad company for injury to his property by the construction and operation of said railroad along and contiguous to plaintiff's premises. The declaration contained

three counts, which set up plaintiff's ownership of the realty above described, and the construction and operation by defendant of its railroad, and averred that it thereby causes great shocks, vibrations and damage to plaintiff's dwelling houses and to the soil of plaintiff's premises, and great noises and disturbances which interfere with plaintiff's use and enjoyment of said houses, and that defendant throws and casts into and upon said houses and premises dirt, dust, cinders, ashes, smoke, sparks of fire and noisome vapors, and by its embankment prevents the water falling upon plaintiff's premises from flowing away as it did before said embankment was erected; and that thereby plaintiff's premises have been permanently injured and damaged, and their value and the income therefrom have been permanently depreciated, and they have been made undesirable for residence purposes. Defendant pleaded not guilty. Plaintiff recovered a verdict for $925 damages; a motion by defendant for a new trial was denied; plaintiff had judgment, and defendant appeals.

Defendant argues that plaintiff could only recover for injury to contiguous property, and that only the twenty-foot strip was contiguous to its railroad. We consider the entire tract extending from the railroad south one hundred and forty feet from 42nd street to 43rd street, as one piece of real estate, all of which is contiguous to the railroad right of way. It certainly would all be contiguous if it had not been platted, and we hold its contiguity is not broken by the imaginary lines drawn upon a plat while it all remains in one owner, nor is its contiguity destroyed by the intention in the owner's mind that the tenants in the houses most remote from the railroad should each occupy a space sixty feet wide, and the tenants of the other houses should each occupy a space forty feet wide. Besides, in C. M. & St. P. Ry. Co. v. Darke, 148 Ill. 226, recovery was had where the width of a street intervened between the railroad and the property injured.

Defendant argues that it is not liable to plaintiff for any injury to plaintiff's property arising from its lawful use of

its right of way; and that in order to entitle plaintiff to recover, he must allege and prove that defendant was negligent in its manner of operating its railroad, and that plaintiff's property was injured because of such negligence. The contrary has been held in several cases. In C. M. & St. P. Ry. Co. v. Darke, *supra*, the court, passing upon this question, said:

" The railway having been built and being operated by authority of law, its operation of course cannot be held to be in law a nuisance, but while that is so, it is difficult to see how the damages resulting to adjacent property from its operation are in any degree affected by that circumstance. If the noise, confusion and disturbance caused by the defendants' engines and cars are such as would in the absence of legislative authority, have constituted an actionable nuisance, the existence of such authority in no way relieves them of their damaging effect, so as to take away from property owners their right to redress, or so as to convert what was before actionable into a case of *damnum absque injuria*. The constitution gives to every property owner whose property is damaged for a public use, the right to compensation, and while he cannot sue as for a nuisance where his property has been damaged by a public improvement erected and maintained in pursuance of law, his right to compensation remains, and may be enforced by any appropriate remedy."

In I. C. R. R. Co. v. Turner, 194 Ill. 575, it was held that " while the city had the right to grant to the railroad company the use of its streets for railroad purposes, it could not grant to it the right to throw dust, cinders or smoke upon the property of appellee, or to injure the same in any other manner." In Calumet & Chicago Canal & Dock Co. v. Morawetz, 195 Ill. 398, it was said:

" When the property of an abutting owner is damaged, his right, under the constitution, to compensation is not confined to cases of illegal trespass; but may be caused by acts which are perfectly legal."

In Aldis v. Union Elevated R. R. Co., 203 Ill. 567, the court said:

" When the property of an abutting owner is damaged, his right, under the constitution, to compensation is not confined to a recovery for the tortious acts of the railroad

company, but he may recover for an injury to his property which is the result of an act which is perfectly legal."

That the right of action does not depend upon the negligent operation of the road by defendant is also shown by C. & E. I. R. R. Co. v. Loeb, 118 Ill. 203, where it is said that the action can be maintained " for all the damage the land owner may suffer from all the future consequences of the careful and prudent operation of a railroad; it being the immediate damage done to the land owner's estate by changing its permanent condition and impairing its present value."

Defendant argues that it is not responsible for injury to plaintiff's property from certain elements referred to by the witnesses, such as noise, vibration, danger from fire, etc. Noise of passing trains is recognized in the Darke case, *supra*, as an element of damage the jury may properly consider. Noise and vibration are held in the Turner case, *supra*, and in C. P. & St. L. Ry. Co. v. Leah, 152 Ill. 249, elements of damage proper to be considered. In such an action as this the measure of damages and the rules of evidence are the same as in a condemnation suit. Aldis and Loeb cases, *supra*. Danger from the escape of fire was held an element proper to be considered in St. L. & S. E. Ry. Co. v. Teters, 88 Ill. 144; C. B. & N. R. R. Co. v Bowman, 122 Ill. 595; C. & C. R. R. Co. v. Brake, 125 Ill. 393; Hercules Iron Works Co. v. E. J. & E. Ry. Co., 141 Ill. 491; and R. I. & E. I. Ry. Co. v. Gordon, 184 Ill. 456. It is true that in Jones v. C. & I. R. R. Co., 68 Ill. 380, the increased hazard from fire resulting from the use of steam as a motive power, was spoken of as an imaginary danger, but it was there conceded that if the railroad was constructed so near plaintiff's buildings that the danger from fire was real, it would be an element of increased damage. It is of course true that " nothing should be allowed for mere imaginary or speculative damages, or for such remote or inappreciable damages as the imagination may conjure and which may or may not occur in all the future; " nor should the rule of damages be extended " beyond that class of injuries which would be calculated to depreciate the value

of the land." Conness v. I. I. & I. R. R. Co., 193 Ill. 464. Accordingly it was held in McReynolds v. B. & O. R. R. Co., 106 Ill. 152, that the danger that adults or children may be killed while upon the railroad track, is an unreliable basis for estimating damages. In that respect an estimate by one or two witnesses in this case was improper, but in other respects the proof here under consideration was competent.

It is argued that Aldrich v. Metropolitan West Side Elevated R. R. Co., 195 Ill. 456, is not in harmony with the views we have above expressed. We conclude that the facts of this case differ so materially from those there before the court that the case is not in point. There the court said that the record showed there was no unusual noise or vibration of plaintiff's property, and no direct physical disturbance of any right she enjoyed in connection with her property, and which gave it an especial value, whereby she sustained a special damage in excess of that sustained by the public generally; that no cinders or other material substances were thrown or deposited upon her property, and that whatever damages she suffered in the depreciation of the value of her property were of the same kind and character as that suffered by the public generally. It is well settled that for such damage, common to the general public, no recovery can be had. But if the construction and operation of defendant's railroad casts cinders, ashes and sparks of fire upon and into plaintiff's houses previously erected on his contiguous land, and dams water back upon it, and thereby depreciates the value of his property, it can not be said such damages are suffered by the public generally, merely because some other land owner similarly situated in an adjoining block, may suffer similar injuries from cinders, ashes, fire and water.

The measure of damages laid down by the court in the above instructions, and to which the court required the testimony to be addressed, namely, the difference between the fair cash market value of the property immediately before and immediately after the railroad was constructed and put in operation, so far as its change in value, if any, is due

to the construction and operation of the road, or, in other words, " the deterioration in value of the plaintiff's premises resulting from the acts of the defendant," is recognized as the correct rule in the Turner and Morawetz cases, *supra*, and in L. E. & W. R. Co. v. Scott, 132 Ill. 429.   Defendant embodied the same rule in its thirteenth instruction, refused because defective in another respect.   The rulings of the court upon the evidence and the instructions were in the main correct, but what we have above said of the law governing the case obviates a detailed discussion of such rulings.

We, however, find it necessary to reverse the judgment and award a new trial for another reason.   There is substantially no proof in this record that any dust, cinders, ashes, smoke or sparks were cast upon this property or entered plaintiff's houses, or that the operation of the railroad caused them to vibrate.   The witnesses upon the subject generally said smoke, dust, cinders, vibration, etc., would depreciate the value of the property, but they did not testify they had ever observed anything of that kind upon this property.   The testimony introduced was substantially based upon the assumption that smoke, cinders and sparks would be cast upon the property by the operation of defendant's railroad, and that the houses would vibrate from the motion of its trains.   The basis upon which the witnesses grounded their estimates of value and depreciation is not shown to exist.   If these injuries were inflicted upon this property, the facts are within the personal knowledge of some one.   The houses nearest the railroad might be so affected, and those farthest away might not.   Slight injury to the drainage is proved, but it would not justify substantial damages.   The proof shows the rentals from this property have decidedly increased since the railroad was built, and in the face of that proof this judgment ought not to stand, without proof that the injuries charged in the declaration were in fact inflicted upon the property.

The judgment is therefore reversed and the cause remanded.                                      *Reversed and remanded.*