I. C. R. R. Co. v. Turner.

97    219
a194s 575

## Illinois Central Railroad Co. v. James Turner.

1. NUISANCES—*Compensation for Private Property Damaged for the Use of Railroads.*—The authorities of cities and villages may permit railroad companies to lay their tracks in the streets and operate their roads there, without compensation to the owners of the lots past which their tracks may run, but such railroads must use their property there so as not to injure others.

2. SAME—*Remedies of Lot Owners Damaged by the Operation of Railroads in Streets.*—Under section 13 of article 2 of the constitution of 1870 providing that private property shall not be taken or damaged for public use without just compensation, the owners of lots abutting upon streets in which railroads have been permitted by municipal authorities to lay their tracks and operate their roads are entitled to damages for injuries to their lots by the throwing of dust, smoke and cinders upon them or otherwise physically damaging them by the operation of cars in close proximity to them, although the tracks on which such trains are operated lie wholly within the public street.

Trespass on the Case.—Damages from smoke, cinders, etc. Appeal from the Circuit Court of Jackson County; the Hon. OLIVER A. H. HARKER, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

WILLIAM H. GREEN, attorney for appellant; J. M. DICKINSON, of counsel.

JAMES H. MARTIN, attorney for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court. This was an action on the case brought by appellee against appellant, to recover damages for injury to his real estate, situated at the southwest corner of block 6, in the city of Murphysboro, caused by building and operating a portion of its railroad in Thirteenth street of the city, in close proximity with appellee's lot, on which is located a large two-story brick building, used mainly for business purposes. Walnut street of the city runs east and west along the south line of appellee's property, and Thirteenth street runs north and south along the west line of his property. Years ago the railroad was built by a party other than appellant, from the north along Thirteenth street south to the north line of Walnut

street, and about two years before this suit was brought it was constructed by appellant further south for some distance; and it is for damages claimed to have been suffered on account of building and operating this latter stretch of road that this suit was brought. The track is on the east side of Thirteenth street, and but a few feet west of the west line of appellee's property.

The evidence shows that appellant's locomotives, in running on this new piece of road, cast volumes of dust, smoke and cinders on appellee's premises, which front on Walnut street, thus making this case nearly like the case of Illinois Central R. R. Co. v. Schmidtgall, 91 Ill. App. 23, as the Schmidtgall property is situated on the west side of Thirteenth street and on the north side of Walnut street.

At the close of plaintiff's evidence, in chief, appellant moved the court to instruct the jury to return a verdict for the defendant, which motion was denied by the court, and at the close of the evidence in the case the motion was renewed and again denied and defendant excepted to each of the rulings. The jury returned a verdict in favor of appellee, fixing his damages at $1,500, and it was followed by a motion by appellant for a new trial, which was denied, and judgment having been rendered on the verdict, the defendant brings this appeal and counsel for appellant make the following points on their assignments of error:

" 1.   The extension of a track beyond appellee's house and operating same does not give appellee a right of action."

" 2.   The declaration charges that appellant is now operating its road with cars and engines ' south from the north line of Walnut street, at the crossing of 13th, and within ten feet of said building and lot.' But the evidence is concerning trains that ran north from the north line of Walnut street. Therefore the *allegata* and *probata* do not agree."

" 3.   The court admitted improper evidence for appellee."

" 4.   The amount of damages given in the verdict is contrary to the weight of the evidence."

" 5.   The court admitted improper evidence for appellee."

As to the first point, it is not contended by appellee that he has suffered any damages for the mere building of the

new piece of road, but the damages contended for arise from the operation of that piece of road. The evidence in regard to the operation of the new road is to the effect that it is used mainly as a coal road, and heavy coal trains pass over the road, and on account of a heavy grade on the south end of the road the trains are often stalled on and near the crossing of Warren and Thirteenth streets, near the south front of appellee's premises, and that large quantities of cinders, smoke and dust are thrown by locomotives upon appellee's premises and into his buildings, thus damaging his property. On this point there is, and in the very nature of things there could be but little, if any, dispute about the matter, for it is common knowledge that locomotives, in drawing heavy trains, usually emit large quantities of cinders, smoke and dust while passing over up-grades of railroads, and no reasonable person would or could believe a witness who would testify to the contrary.

Of course the authorities of cities, towns and villages that are laid out in full conpliance with the law on the subject may permit railroad companies to lay their tracks in the streets and operate their roads there without compensation to the owners of the lots past which the tracks may run; but when this is done, the familiar maxim of the law that "one must so use his own as not to injure another," aided by section 13 of article 2 of the Constitution of this State, which provides that "Private property shall not be taken or damaged for public use without just compensation," gives the owners of property situated as appellee's property is, compensation for the injury done to it by casting dust, smoke and cinders thereon and therein, or otherwise physically damaging it by operating trains of railroad cars in close proximity to the property, though the tracks on which the trains are run and operated may lie wholly in the public streets. It follows then that appellant's first point on which it relies is without any secure foundation on which to rest, and the court committed no error in refusing appellant's motion to instruct the jury to find for the defendant.

Appellant's second point is based upon an incorrect assumption of the facts, as there is no disagreement between the *allegata* and *probata* of the case.

The third and fifth points made by appellant are alike and seem to be based upon the assumption that the court allowed improper evidence on behalf of appellee to go to the jury, over appellant's objection, to which an exception was taken. No such evidence and rulings are pointed out by counsel for appellant, and we do not find in the abstract that any objection even was made to evidence on either side.

As to appellant's fourth point, that the verdict is against the weight of the evidence, numerous witnesses on both sides testified as to the amount of damages appellee had suffered, and of course they did not agree in their several estimates, some being much larger and some much less than the amount found by the jury. These witnesses were supplemented by twelve others, whose only interest in the case was to find out if possible what testimony was the more reliable, and by consent of the parties to the case, the jury made up the twelve, by viewing the premises, and nothing is urged against their conduct in doing so.

We can not doubt that the court below felt that to set aside a verdict rendered under such circumstances, on the ground that it was excessive, would be nearly equivalent to the denial of a jury trial altogether, and in this view we fully concur.

There is no substantial error in the record and the judgment is affirmed.