## The Chicago and Alton Railroad Company
### *v.*
### Richard P. Morgan.

1. Evidence—*when objection should be specific.* Where an objection to evidence is made generally, a particular objection to its admission, which might have been obviated by other proof, will not avail on appeal or error.

2. Variance—*as to proof of description of land.* On the trial of an action of ejectment for premises described as a strip of land 50 feet wide and 1000 feet long, bounded by four named streets, the plaintiff, after

proving title to a.certain quarter section of land, was asked in what government subdivision a strip of land 50 feet wide and 1000 feet long was situated, giving its boundaries precisely as in the declaration, except that in the question it was referred to as bounded on the west by *Front* street, while in the declaration it was described as bounded on the west by *West* street; and he answered, it was in the quarter section to which he had proved title. The proof was objected to generally: *Held,* that the variance was immaterial, as, rejecting the boundary on the west, the land was sufficiently identified by the other boundaries with the calls and length given.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. L. E. PAYSON, for the appellant.

Mr. H. A. GARDNER, and Messrs. H. & J. D. SPENCER, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment, in the Livingston circuit court, by Richard P. Morgan against the Chicago and Alton Railroad Company, resulting in a judgment for the plaintiff, the cause being tried by the court without a jury. To reverse this judgment defendant appeals, complaining that the judgment is against the law and the evidence.

The case is this: The premises for which suit was brought are described as a certain piece of land in the village of Dwight, Livingston county, bounded on the west by West street, on the north by Mazon avenue, on the east by the right of way of the Chicago and Alton Railroad Company, and on the south by Prairie avenue. The plaintiff claimed title in fee simple.

To maintain the issue on his part, plaintiff introduced a patent from the United States to himself for the north-east quarter of section nine (9), township thirty (30) north, range seven (7) east, in the Danville District, and in answer to the question in what government subdivision the following

494          C. & A. R. R. Co. *v.* Morgan.          [Sept. T.

Opinion of the Court.

described land is situated: A strip of land fifty feet wide, one thousand feet long, bounded on the west by Front street, on the north by Mazon avenue, on the east by the right of way of the Chicago and Alton Railroad Company, on the south by Prairie avenue, in the town of Dwight, county of Livingston, and State of Illinois, he answered, it is in the north-east quarter of section nine, town thirty north, range seven east of the third principal meridian.

This was all the evidence. Appellant makes but one point, and that is, an alleged variance between the description of the premises as found in the declaration and that found by the proof, in the declaration it being described as bounded on the west by West street, whereas by the proof it is bounded on the west by Front street, which appellant insists must be another and different piece of land.

The defendant on the trial objected generally to the evidence, without pointing out any particular objection. Had the particular objection now made been then made, plaintiff might have shown that Front street and West street were one and the same. But we think this not material. The premises are described in the declaration as a strip of land fifty feet wide and one thousand feet long, lying and being between certain streets, three of which are identified. These calls, and the length of the line given, fully determine the precise locality. The word "Front" may be disregarded. It does not add to the certainty of the description or obscure it.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*