ALEXANDER S. MALTMAN

v.

THE CHICAGO, MILWAUKEE & ST. PAUL RAILROAD COMPANY.

*Railroads—Construction of—Abutting Property—Injury to—Eminent Domain—Dedication—Evidence of.*

1.    The right of an abutting owner to damages where his property is injured, extends as well to cases where the damage is caused by legal acts, as where it is the result of an illegal trespass.

2.    Where a railroad company is authorized by municipal ordinance to lay several tracks in a given street and at first lays but one track, subsequently changing its location, and also laying others, abutting land owners

may recover damages suffered by their property through such subsequent operations.

3.  Where, by a condemnation proceeding, such company has the right to operate its road on land or on a highway, such company may operate its road as it sees fit, unless it has been bound down in its petition, or by the terms of the judgment, to a particular method of construction or a limited occupation; and in the latter event, a departure by the company from its plan of proposed construction, which is injurious to abutting land, will be compensated in damages in an action brought for that purpose.

4.  Whether or not there has been a dedication of land to the public, in a given case, is a question of fact for the jury.

5.  A prescriptive right to land for the purposes of a way, may be gained by the public by a use thereof, uninterrupted, for a period of twenty years.

6.  Dedication may be established by proof of a use by the public with the acquiescence of the owner, for a time corresponding to the period of the statute of limitations.

7.  A setting out of land by an owner for a highway, evidenced by such acts as show a clear intent on his part to dedicate it, and an acceptance thereof by the public, and a user for a highway, will amount to a complete dedication binding on all parties.


[Opinion filed July 23, 1891.]


APPEAL from the Circuit Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. WILSON, MOORE & McILVAINE, for appellant.

The Supreme Court of this State has, as we contend, considered and determined the exact question involved here. The case of P., Ft. W. & C. R. R. Co. v. Reich, 101 Ill. 157, was an action by Reich against the company for damages done by laying two additional tracks in Stewart avenue. The charter of the company authorized it to construct its road " upon or across any stream or water-course, road or highway, railroad or canal, which the route of its road shall intersect." (P. 170.) The company laid its first track in 1858, the second in 1869, and in 1874 the two which caused the injury complained of. In 1876 the suit was brought. The defendant pleaded, among other things, the statute of limitations. Plaintiff recovered a judgment, from which defendant appealed. The Supreme

Court, construing the charter, held that the company was authorized thereby to lay tracks lengthwise in Stewart avenue. (P. 172, 173.)  It further held that under said authority the company merely acquired a right to occupy the street with the public, and not to its exclusion.  It was contended by counsel for the company that the exercise of the power to lay tracks on said avenue was entered on, and two of the tracks were actually laid, before the rule of damages established by the constitution of 1870 took effect.  This, as we understand it, is nearly the position taken by appellee in the present case. But the Supreme Court held the contrary (p. 176), saying: " The laying of the two tracks, as we have seen, could not have been, under the law, and the evidence tends to show was not in fact, an appropriation of the entire street.  The public had a right to and still used the balance of the street. That balance appellant had no right to occupy.  It did in 1874, less than two years before suit was brought, occupy it by laying thereon two additional tracks, and as the evidence tends to show, thereby completely excluded its use for ordinary street purposes, and on that side cut off appellee's access to his lot." The court therefore affirmed the judgment.

Mr. EDWIN WALKER, for appellee.

The property in controversy is within the corporate limits of the city of Chicago.  The fee of all the public streets is in the city, and the common council had exclusive control of all such streets.  There is no claim that the city of Chicago has, by the expenditure of money, or by any other act, exercised control over the right of way upon which the south track has been laid.  There is no evidence that the city, either before or after the construction of the south track, expended any money in improvements, nor is there any pretense or claim that the owners of the property south of appellant's property dedicated this strip of land to the uses of the public, or by any act of such owners induced the owners of other property to believe that such strip of ground was a public street, and had been, as a matter of fact, dedicated to public use.

The appellant's counsel claimed that the property in con-

troversy had become a public street, both by dedication and prescription. It appears from the evidence that for many years this property had been leased to one Peters, who had devoted it to the propagation and cultivation of cabbages. Peters, for his own accommodation, and for the protection of his garden, erected a fence on the north line, or near the north line of the Isham tract, but it is not claimed that Peters erected such fence by the direction or under the authority of the owners of the property, or that they had any knowledge whatever of the location of this fence.

In Gentleman v. Soule, 32 Ill. 271, it is held that the dedication must be made by the owner of the fee, and that the tenant can not dedicate.

In City of Chicago et al. v. Wright, 69 Ill. 318, the contention on the part of the city was that a certain strip of ground had become a public street, both by prescription and dedication. The court held that the city could acquire no right by prescription. The strip of land in controversy must have been thrown open for public use, and also used by the public as a street for over twenty years. In the case at bar, there is no evidence at all that this strip of ground had been thrown open to public use by the owner. Nor does it appear that the public at any time used the appellee's right of way as a public street. It may be true that occasionally the farmers, as witnesses said, would drive along on what was supposed to be Bloomingdale Road, but it was only an occasional use, and was entirely destitute of the elements that constitute a public street.

It can not be claimed that there was any dedication, for there is no evidence of any act or intention of the owner of the property to devote it to the use of the public.

In McIntyre et al. v. Storey, 80 Ill. 127, it is held that a dedication of a right of way for a highway may be established by grant or written instrument, or by the acts and declarations of the owner of the premises; it may be inferred from long and uninterrupted user by the public, with the knowledge and consent of the owner, but there must be a clear intent shown to make the dedication. The evidence should be clear, either

Maltman v. C., M. & St. P. R. R. Co.

of actual intent so to do, or of such acts or declarations as will equitably estop the owner from denying such intent.

MORAN, P. J.   This action was brought by appellant to recover from appellee damages alleged to have been sustained by him as the owner of some sixteen lots fronting on what is known as Bloomingdale Road, upon which road the defendant has built and is operating a railroad.   When the evidence had been all introduced, the court instructed the jury to return a verdict for the defendant.

As we understand the record, this action of the court is based upon two grounds:   First, that as the ordinance which authorized defendant to enter on and occupy said Bloomingdale Road, authorized the laying of two tracks, and as one of said tracks was laid shortly after the passing of the ordinance in 1874, and the principal injuries complained of result from the laying of the second track in 1884, that no damage can be recovered for such resulting injury, as all damage to be ascribed to the building and operating of the road under said ordinance, must be intended to have arisen at the time the ordinance giving the right was passed, or at least at the time that the railroad company entered upon the street and laid the first track, in pursuance of the authority given it. Second, that the second track was laid on private property, which constituted no part of the street, and therefore, that plaintiff could recover no damage for any construction placed by the company thereon.

The evidence shows that the position of the first track was changed in 1884, at the time of the laying of the second track, by the removal of said first track nearer to plaintiff's property; also that a high embankment was thrown up, which tended to obstruct plaintiff's ingress and egress to and from his property; and also to show that by reason of the laying of the new track and the other work done in 1884, plaintiff's property was depreciated in value.

We are of opinion that plaintiff is entitled to recover any damage done to him by reason of laying of the second track in 1884, and also any such damage as arose from alterations of

the old track, unless it is to be assumed that such alterations were made necessary by a change in grade. The entire damage did not accrue to plaintiff at the time the first track was laid, and it can not be successfully contended that any damage resulted to plaintiff from the passage of the ordinance authorizing the laying of the tracks. It is the construction of the road that does the damage, and not the mere giving authority to construct it. The fact that after laying one track the company had the legal right to at any time lay an additional track, does not affect the question. The right of an abutting owner to damages secured by the constitution, where his property is damaged, extends as well to cases where the damage is caused by legal acts, as where the damages are the result of an illegal trespass. Where a highway running in front of lots on which houses are erected, is appropriated to the use of a railway company, the damage resulting to the lots will depend, to a considerable degree, on the extent to which the said highway is occupied by railway tracks; and while the operation of the road upon a single track, thereby leaving a large portion of the street to the use of the general public, may do but little harm, the adding of one or more additional tracks may have the effect of substantially excluding the public from the use of the street and the abutting owner from access to his property. It is very clear that the additional use made of the street is the commencement of the serious damage, or at least, is the beginning of a new damage, for which the owner should have just compensation.

This case differs from one where, by a condemnation proceeding, or by a purchase, the company has the right to operate its road on land or on a highway. There the condemnation of the land gives the company authority to operate its road at its pleasure, and to such extent as it shall see fit, unless, indeed, it has been bound down in its petition, or by the terms of the judgment, to a particular method of construction or a limited occupation, and in such latter event, a departure by the railway company from its plan of proposed construction, which is injurious to abutting land, will be compensated in damages in an action brought for that purpose. C. & A.

R. R. Co. v. J. L. & A. Ry. Co. 105 Ill. 394; W., St. L. & P. Ry. Co. v. McDougall, 126 Ill. 111.

In this case the laying of the first track was not an appropriation of the entire street; the evidence shows that the public still used the street running alongside said first track, and the abutters seem to have sustained but little injury from this partial exercise of the defendant's right to occupy the street. The laying of the second track and the alteration of the first one at the same time, was an act legal and authorized to be sure, but nevertheless, one for which, if in fact it caused an injury to plaintiff by rendering his property less accessible and less valuable, he was entitled to recover. P., Ft. W. & C. R. R. Co. v. Reich, 101 Ill. 157.

So far, therefore, as the court proceeded on the first ground mentioned, it was erroneous to strike out the evidence.

As to the second ground, it was claimed on the part of the plaintiff, that while one-half of Bloomingdale Road had been regularly platted and dedicated as a street, the other half had been dedicated without platting, by the acts of the owner of the property, and had been accepted and used by the public.

There was testimony tending to show that the Bloomingdale Road in front of Maltman's property had been used as a street as early as 1852, and from thence down to the occupation of it by the defendant's tracks. That the strip in dispute on which this second railroad track was laid, was fenced out from the property of the owner, according to the testimony of one or two of the witnesses, thirty-eight years before the last railroad track was laid. That the general public drove upon this strip north of the fence and south of the old or first-laid railroad track, from the time of the laying of said track up to the laying of the second track, and the same strip had been used by the public in the same manner for many years prior to the laying of the first track. That the fence has occupied substantially the same line during the period of more than thirty years, and that the street has been graded for some twenty years.

On the other hand, there was testimony of an agent of the owners of the property, who denied that there was any street,

or that the land outside the fence was ever dedicated for such a purpose; that the fence was built by a tenant of the owner without any direction, and was permitted to remain till 1890. Whether there was, in fact, a dedication of this strip of land for highway purposes, was a question of fact to be determined by the jury. A prescriptive right to land for the purposes of a way, may be gained by the public by a use thereof, uninterrupted, for a period of twenty years, and according to some authorities, by even a less period. Dedication may be established by proof of a use by the public with the acquiescence of the owner, for a time corresponding to the period of the statute of limitations. A setting out of land by an owner for a highway, evidenced by such acts as show a clear intent on his part to dedicate it, and an acceptance thereof by the public and a user for highway purposes, will amount to a complete dedication, binding on all the parties. When there is question of a dedication, and the acts of the owner are shown, the question of whether he intended to dedicate the property for the purpose of a highway, is one of fact, which must be answered by the jury from the evidence, and not by the court, and this is particularly true when there is a conflict of evidence as to what the acts of the owner were, and when such acts occurred.

We think it clear, therefore, that the court erred in refusing to submit the question of whether there had been a dedication of the street in question as a public highway, to the jury.

The judgment must therefore be reversed and the case remanded.                    *Reversed and remanded.*