Chicago, Peoria and St. Louis Railway Company

*v.*

George Leah.

*Filed at Mt. Vernon October 22, 1894.*

1. TRIAL—*jury improperly viewing premises—how taken advantage of.* To take advantage in this court of the action of a trial court in permitting the jury to inspect premises, such action must be excepted to and the exception made part of the record by bill of exceptions.

2. RAILROADS—*damages for construction—what admissible.* Special disadvantages and annoyances (other than direct physical injury) which interfere with the enjoyment of property are proper to be proved as the result of building a railroad in a street near the property.

3. INSTRUCTIONS—*given on request of party complaining.* A party cannot complain of an instruction which the court gives upon his own request:

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. Morrison & Whitlock, and Messrs. Dale, Bradshaw & Terry, for the appellant :

We know of no rule of law in this State authorizing the jury to view premises against the objection of either party, except the view be authorized by statute. The authorities are against the practice. *Stampofski* v. *Steffins*, 79 Ill. 303 ; *Daud* v. *Guthrie*, 13 Bradw. 653.

The question is presented squarely to this court whether appellee can recover damages on account of the noise made by the ringing of the bells, sounding of whistles and the moving of trains. The courts of this State have decided that damages can only be recovered on account of a direct physical injury. *Railroad Co.* v. *McGinnis*, 79 Ill. 273 ; *Stone* v. *Railroad Co.* 68 id. 394 ; *Railroad Co.* v. *Hall*, 90 id. 42.

Messrs. Travous & Warnock, for the appellee :

The appellant, by procuring the court to instruct the jury, on its behalf, that the personal inspection was a part of the evidence in the case to be considered by them in arriving at their verdict, is estopped. *Lucas* v. *Farrington,* 21 Ill. 30 ; *Gaddy* v. *McCleave*, 59 id. 182 ; *Thompson* v. *White*, 64 id. 314 ; *Martin* v. *Foulke*, 114 id. 206.

It is not necessary to a recovery that there should be a direct physical injury to the *corpus* or property. Under the present constitution it is sufficient if there be an injury to the right of user or enjoyment, by which the owner sustains some special pecuniary injury in excess of that sustained by the public generally. *Rigney* v. *Chicago*, 102 Ill. 64 ; *Railroad Co.* v. *Loeb*, 118 id. 203 ; *Railroad Co.* v. *McAuley,* 121 id. 160 ; *Railroad Co.* v. *Scott*, 132 id. 429.

Every element of damage from the construction and operation of appellant's road, whereby appellee's property is injured, in excess of damage common to the public generally, whether it be noise or something else, is proper to be considered by the jury. *Railroad Co.* v. *Bowman*, 122 Ill. 595 ; *Stack* v. *East St. Louis*, 85 id. 377 ; *Mix* v. *Railway Co.* 67 id. 319.

Mr. JUSTICE BAKER delivered the opinion of the court :

This is an action on the case, instituted by appellee, against appellant, in the circuit court of Madison county, to recover damages for the alleged injury resulting to him by the construction and operation of appellant's railroad. The jury found a verdict in favor of appellee, and assessed his damages at $1200. Judgment was rendered accordingly. From that judgment appellant appealed to the Appellate Court, and from the judgment of affirmance in the Appellate Court prosecutes this appeal.

It appears that appellee is the owner in fee of a fraction over three and one-half acres of land in the city of Edwardsville, on which are situated two frame residence buildings ; that the land fronts on a small street twenty feet wide, known as Lynch street ; that appellant's railroad track crosses said Lynch street diagonally, opposite appellee's premises, from which it is distant, at the nearest point, only six and one-half feet; that said Lynch street affords the only approach to the premises, and that but a short distance therefrom appellant constructed and operates a switch.

Appellant's first contention is, that it was error in the trial court to permit the jury, over its objection, to view the premises. The action of the court in permitting such inspection by the jury does not appear to have been excepted to, by anything set forth in the bill of exceptions. Had such an exception been taken, it could only have been made a part of the record by embodying it in the bill of exceptions. We cannot, therefore, consider this assignment of error. *Martin et al.* v. *Foulke et al.* 114 Ill. 206.

It is next contended that it was error in the trial court to admit evidence in regard to noise made by appellant's trains in passing and re-passing appellee's premises, and to permit witnesses to testify as to what effect the "passing and re-passing of appellant's trains would have upon appellee's property, taking everything into consideration." Appellant argues this claim on the theory that

damages can be recovered only on account of a *direct physical* injury to the, *corpus* or subject of property. This is a misapprehension of the law. It was material and proper that appellee should be permitted to prove the special disadvantages and annoyances which interfered with the full enjoyment by him of that use and benefit of his property to which the law entitles him. *Rigney* v. *City of Chicago*, 102 Ill. 64; *Chicago, Burlington and Northern Railroad Co.* v. *Bowman et. al.* 122 id. 595; *Lake Erie and Western Railroad Co.* v. *Scott*, 132 id. 429; *Springer* v. *City of Chicago*, 135 id. 552. We think the evidence complained of was properly admitted.

Appellant's last contention is in regard to an instruction, which it claims was erroneously given in behalf of appellee. Upon examination of the record, however, we find that the instruction in question was asked by appellant and was given in its behalf. Appellant, therefore, cannot be heard to complain.

We find no error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*