## Patrick McGrath v. Martha Miller.

1.   Venue—*May Be Changed from the Circuit to the County Court.*— Under section 2, chapter 147, R. S., relating to changes of venue, the Circuit Court may send a case upon change of venue to the County Court.

2.   Judgments—*To Follow the Verdict.*—In a case of forcible detainer

the judgment was " that the plaintiff was seized in fee of the land described in the verdict of the jury," while the evidence showed that he held the land in trust for his grandchildren; *held,* that the judgment, while slightly irregular, was sufficient.

3. PRACTICE—*Objections to Evidence Must Be Specific.*—Where a party objects to evidence sought to be introduced against him, he should disclose the grounds of his objection, and if he fails to do so he will be precluded in the Appellate Court from urging grounds not stated below.

4. EVIDENCE—*Complaint in Forcible Detainer.*—In a case of forcible detainer it is not proper to read the complaint in evidence, as proof of the plaintiff's right to recover, but it is not reversible error to do so, where outside of the complaint the right to recover is established.

5. FORCIBLE DETAINER—*Demand for Possession, When Unnecessary.* —A notice or demand for possession before commencing a suit of forcible detainer is unnecessary where the relation of landlord and tenant does not exist between the parties.

6. WITNESSES—*Wife, When Incompetent.*—Where the husband is interested in the event of a suit, the testimony of the wife is properly excluded.

7. NEW TRIAL—*Newly Discovered Evidence.*—A party will not be entitled to a new trial upon newly discovered evidence, where such evidence is merely cumulative in its character.

**Forcible Detainer.**—Appeal from the County Court of La Salle County; the Hon. H. W. JOHNSON, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

## STATEMENT OF THE CASE.

In 1879, Amanda Howard died, seized in fee of the W. ½ of the S. E. ¼ of Section 11, Town 34, Range 3, in La Salle county, and a homestead in the village of Dayton, in said county. She left surviving her husband, Charles K. Howard, and three daughters. She left a will by which she devised the homestead to her husband, in lieu of dower or other interest in her estate. She devised the land above described to her mother, the defendant in error, in trust for her three children, until the youngest should reach her majority.

Defendant in error leased the land to Charles K. Howard, from March 1, 1883, to March 1, 1887, the consideration for which being that Howard should board, clothe and educate the three daughters during that time, should pay

the taxes on the land and keep the fences in repair. It is provided by the lease that he should not sub-let without the consent of the defendant in error, and should surrender possession of the premises on the expiration of the lease.

Howard held over for 1888, afterward leased to one Jacobson for 1889, and on April 5, 1890, sub-leased to the plaintiff in error for one year, with the privilege in the plaintiff in error of four years more. Plaintiff in error went into possession of the premises, attorning to Howard. Verbal notice was served on him in 1891, to pay rent no longer to Howard, but to pay it to defendant in error. Paying no heed to such notice, this action of forcible detainer was commenced before a justice of the peace. Defendant in error recovered judgment in that court, from which plaintiff in error perfected an appeal to the Circuit Court. In the Circuit Court he applied for a change of venue, on account of the prejudice of Judges Blanchard and Dibell, two of the judges of the circuit, and the venue was changed to the County Court. In the County Court the plaintiff in error moved to dismiss the cause for want of jurisdiction.

This motion was overruled. A trial was had resulting in a verdict and judgment for possession, etc., in favor of defendant in error.

JAMES J. CONWAY and BREWER & STRAWN, attorneys for plaintiff in error.

FOWLER BROS. and C. GRIGGS, attorneys for defendant in error.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

The contention of the plaintiff in error that the Circuit Court of La Salle County had no authority to change the venue to the County Court, and that the County Court should have dismissed the cause for want of jurisdiction, is not well made. Sec. 2, Chap. 146, Rev. Stat., relating to change of venue, expressly provides that " when a change of venue is granted, it may be to some other court of record of competent jurisdiction in the same county."

The objection that the judgment does not follow the verdict, but is, " that the plaintiff is seized in fee of the land described in the verdict of the jury," when the evidence shows that defendant in error only held the land in trust for her grandchildren, is hypercritical. It was slightly irregular, but worked no harm to plaintiff in error. The evidence showed and the verdict of the jury found, that the defendant in error was entitled to the possession of the premises, and the recital in the judgment, that she was seized in fee, may be treated as harmless surplusage.

It is also contended that as the suit was commenced by Mrs. Miller in her own right, and not as trustee for her grandchildren, it was error in the court to allow the will of Amanda Howard to be read in evidence, and that there was a variance between the proof and complaint. While we can see but little force in such a contention, even if in the court below the objection had been placed upon the ground of a variance, for the reason that, if the plaintiff in error was not entitled to the possession of the land, it could make no difference to him whether Mrs. Miller was entitled to possession in her own right or as trustee, the fact that he did not, at the time of making the objection, place it upon the ground of a variance, is a sufficient answer to him now. Where a party objects to evidence sought to be introduced against him, he should disclose the ground of his objection to the court, and if he fails to do so, he will be precluded in the court of appeal from urging that the ground is a variance. Chicago & Alton R. R. Co. v. Morgan, 69 Ill. 492; St. Clair Co. Ben. Soc. v. Fietsam, Adm'r, 97 Ill. 474.

Although in a case for forcible detainer it is not proper to read the complaint in evidence to the jury, as proof of the plaintiff's right to recover, we are unable to see in the action of the court in allowing the complaint to be read in this case, such error as would justify us in reversing the judgment. Outside of the complaint, defendant in error established her right to recover. The complaint merely recited that she was entitled to the possession of the premises, and that the defendant unlawfully withheld them. We

can not conceive how an intelligent jury could consider it as additional proof to her testimony.

The contention that the notice or demand for possession was insufficient, is amply answered by saying that the relation of landlord and tenant did not exist between the parties. Howard had no authority to lease to McGrath without the written consent of Mrs. Miller. He pretended to have such consent in a letter from her which he had lost. Mrs. Miller denied on oath that she wrote such a letter. The jury believed her, and we are not prepared to say they were wrong.

The court properly excluded the testimony of Mrs. Howard. Her husband was interested in the event of the suit.

Plaintiff in error was not entitled to a new trial on the ground of newly discovered evidence. The proposed evidence of Samuel Richolson, the party making the affidavit, was but cumulative in its character.

We do not care to extend this opinion by a discussion of alleged errors in passing upon instructions. The court holdings in that regard were substantially correct.

While a few slight errors occurred upon the trial (which we have noticed), we feel that in the verdict of the jury and the judgment of the court, substantial justice was done. Judgment affirmed.