The Illinois Central Railroad Company

*v.*

James Turner.

*Opinion filed February 21, 1902.*

| | |
|---|---|
| 194 | 575 |
| 202 | ⁴555 |
| 194 | 575 |
| 203 | ³573 |
| e203 | ¹574 |
| 206 | ²183 |
| 194 | 575 |
| 211 | ³627 |
| 111a | ¹ 78 |
| 111a | ² 79 |
| 111a | ³ 81 |
| 194 | 575 |
| d212 | ²414 |
| p213 | 635 |

1. Railroads—*company's franchise does not absolve it from liability for injury to private property.* The right granted by a city to a steam railroad company to use its streets for railroad purposes does not absolve the company from liability for damages to private property occasioned by the construction and operation of the road.

2. Same—*elements of damage in action for injury to private property by operation of a road.* The obstruction by trains of a street upon which private property abuts, the throwing of smoke, cinders and ashes upon the premises and the noise and vibration caused by the passing trains, are elements of damage in an action for injury to the property from the construction and operation of a railroad.

3. Same—*measure of damages where property is depreciated in value by operation of road.* If lands not taken are depreciated in value by the construction and operation of a steam railroad the measure of damages is the difference in the market value of the property before and after the construction of the road.

4. Appeals and Errors—*amount of damages not reviewable by the Supreme Court.* In an action for damages to property from the construction and operation of a railroad, the question whether the damages awarded are excessive is conclusively settled by the judgment of the Appellate Court.

*Illinois Central Railroad Co.* v. *Turner,* 97 Ill. App. 219, affirmed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jackson county; the Hon. O. A. Harker, Judge, presiding.

William H. Green, (J. M. Dickinson, of counsel,) for appellant.

James H. Martin, for appellee.

Mr. Justice Hand delivered the opinion of the court:

This is an action on the case brought by the appellee against the appellant, in the circuit court of Jackson county, to recover damages to certain real estate situ-

ated in the city of Murphysboro, claimed to have been caused by the construction and operation of appellant's railroad through said city in the vicinity of said property. The jury returned a verdict in favor of the appellee for $1500, upon which verdict, after overruling a motion for a new trial, the court rendered judgment, which judgment has been affirmed by the Appellate Court for the Fourth District, and a further appeal has been prosecuted to this court.

The declaration consisted of one count, and in substance is as follows: That on the first day of May, 1898, plaintiff was the owner and in possession of the west part of lot 4, in block 6, in the city of Murphysboro; that there is located thereon a two-story brick building, which faces south on Walnut street; that Thirteenth street joins the premises on the west; that Walnut street and Thirteenth street are constantly in use for travel by the public; that the defendant is operating its railroad with cars and engines south from the north line of Walnut street at the crossing of Thirteenth street, and within ten feet of the building located on said premises; that a passenger and freight depot of the defendant is located immediately north of the said premises and within two hundred feet of the crossing of Walnut and Thirteenth streets; that the defendant's cars and engines daily stop and remain over and across said Walnut street for a long space of time, and thereby hinder and delay the passage of persons and teams on and along said street; that immediately south of said premises there is a sharp curve in said railroad; that great power is necessarily employed in passing north on said road; that defendant's trains, in approaching and passing said premises from the south, emit and throw out great volumes of smoke, dust and cinders into and upon said premises, and likewise create and cause loud and ominous noises, and cause the ground and buildings thereon to shake and vibrate; that said railroad is of a permanent nature, and that the

plaintiff is greatly damaged, etc.   The pleas filed were
the general issue and that of the five years Statute of
Limitations.

The evidence introduced on behalf of appellee tended
to show that he is the owner of certain premises situated
at the intersection of Walnut and Thirteenth streets, in
the city of Murphysboro; that the same are improved
with a two-story brick building, facing the south; that
Walnut street runs east and west and is crossed by Thir-
teenth street at right angles, the property of appellee
being located upon the north side of Walnut street and
upon the east side of Thirteenth street; that many years
ago a railroad was built from the north along Thirteenth
street, within a few feet of the west line of appellant's
property, to the north line of Walnut street; that about
two years prior to the commencement of this suit appel-
lant constructed said railroad south from the north line
of Walnut street to and beyond the city limits; that im-
mediately south of Walnut street the road curves to the
east, at which point there is a considerable grade de-
scending toward the south, and that in passing said prem-
ises from the south the engines and trains of appellant
emit and throw upon appellee's property large quantities
of smoke, dust and cinders and cause the ground and
said building to shake and vibrate, and that the property
of appellee has been greatly damaged by the construc-
tion and operation of said railroad south from the north
line of Walnut street.

A number of errors have been assigned, but only two
which we can consider are insisted upon in this court:
First, that the court erred in refusing to give a peremp-
tory instruction to the jury to find for the defendant;
second, that the court erred in giving improper instruc-
tions for the plaintiff.

In this case the claim for damages arises from the
extension and operation of the road south of the north
line of Walnut street, which line was constructed by the

appellant within two years prior to the time suit was brought and is a new line of railroad. This case therefore differs from the cases of *Chicago, Rock Island and Pacific Railway Co.* v. *Smith,* 111 Ill. 363, and *Kotz* v. *Illinois Central Railroad Co.* 188 id. 578, relied upon by appellant, in which cases the damages sought to be recovered were for the increased use of said companies' rights of way by placing new lines of track thereon and by elevating the road-bed, respectively. While the city had the right to grant to the railroad company the use of its streets for railroad purposes it could not grant to it the right to throw dust, cinders or smoke upon the property of appellee or to injure the same in any other manner. In view of the evidence the court did not err in declining to give to the jury a peremptory instruction to find for the defendant.

The appellant complains that the court erred in giving to the jury the second, third and fourth instructions submitted on behalf of the plaintiff. The second instruction informed the jury that in determining whether the plaintiff's property is lessened in value by reason of the construction and operation of said railroad, they might consider the injury to the plaintiff's property, if any is proven, arising from the inconvenience actually brought about and occasioned by the operation of said railroad, although such damages might not be susceptible of definite ascertainment, and that they might consider, generally, such damage as the evidence may show, if any, is reasonably probable to ensue from the operation of said road. This instruction was substantially given in *Lake Erie and Western Railroad Co.* v. *Scott,* 132 Ill. 429, and approved. It is held that noise may be an element of injury for which damages may be awarded, (*Chicago, Milwaukee and St. Paul Railway Co.* v. *Darke,* 148 Ill. 226,) that the obstruction by trains of a street upon which land abuts is an element of damage, (*Mix* v. *Lafayette, Bloomington and Mississippi Railway Co.* 67 Ill. 319,) and that it is proper to

prove as an element of damages the special disadvantages and annoyances which interfere with the full enjoyment, use and benefit of property by the operation of a railroad, such as throwing smoke, cinders and ashes upon the premises, and the noise and vibrations caused by passing trains. (*Chicago, Peoria and St. Louis Railway Co.* v. *Leah*, 152 Ill. 249; *Chicago and Eastern Illinois Railroad Co.* v. *Loeb*, 118 id. 203.) While all inconveniences are not proper elements of damage, the inconveniences proven in this case were, and we do not think the jury were misled by the instruction.

The fourth instruction informed the jury that the true measure of compensation, where no land is actually taken, is the difference between what the whole property could be sold for unaffected by the improvement and what it would sell for as affected thereby. We have repeatedly held, if lands not taken will be depreciated in value by the construction and operation of a railroad, the measure of damages is the difference in their market value before the construction of the road and after its construction. (*Chicago, Burlington and Northern Railroad Co.* v. *Bowman*, 122 Ill. 595; *Wabash, St. Louis and Pacific Railway Co.* v. *McDougall*, 126 id. 111.) The instruction was substantially correct.

The third instruction is as follows:

"If you shall believe, from the evidence in this case, that the defendant constructed the extension of its railroad track near to the plaintiff's property within the last five years prior to bringing this suit, and is operating said railroad as described in plaintiff's declaration, and that plaintiff is the owner in fee of said premises, and that by reason of such extension, construction and operation by the defendant, plaintiff's property described in his declaration is diminished thereby in its market value, then plaintiff has a right to recover, and your verdict should be for him in such sum as, from all the evidence, he is shown to have sustained, if any, by reason thereby."

The criticism made upon this instruction is, that it assumes that the mere extension of the railroad and its operation, without any proof of the specific items of damage set out in the declaration, are a damage to plaintiff. We do not think the instruction subject to the criticism. It confines the jury to the evidence, and informs them if they believe therefrom the plaintiff's property is diminished in its market value by reason of the extension, construction and operation of said road, their verdict should be for the plaintiff for such amount as all the evidence shows him to have sustained.

Six pages of appellant's brief are taken up with a discussion of the evidence to show that the damages are excessive. That question was conclusively settled by the judgment of the Appellate Court and is not open to review in this court.

We find no reversible error in this record. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*