The Calumet and Chicago Canal and Dock Company

*v.*

Balbina Morawetz.

*Opinion filed February 21, 1902—Rehearing denied April 4, 1902.*

1. Limitations—*when a suit for damages from construction of additional railroad track is not barred.* Where a railroad company, authorized by ordinance to lay two tracks in a street, constructs one track which does little or no damage to abutting property, but subsequently lays another track nearer the lot which damages it materially, the lot owner may maintain an action for damages from the construction and operation of the second track, notwithstanding the Statute of Limitations would bar an action as to damage from the first track.

2. Damages—*right of abutting owner to compensation for injury to property from operation of steam railroad.* If the property of an abutting owner is damaged by the construction and operation of a steam railroad, his right to compensation under the constitution is not limited to cases of illegal trespass, but may extend to acts which are legal.

3. Same—*noise and dirt from passing trains as elements of damage.* Noise, smoke and cinders resulting from the movement of trains, although necessary incidents to the proper operation of a steam railroad, are elements of damage which may be considered in an action for injury to abutting property, in so far as they tend to lessen its market value.

4. Instructions—*when objection that instructions are too general is obviated.* An objection that the plaintiff's instructions on the question of damages are too general is obviated where the defendant's instructions expressly confine the jury to the damage complained of in the declaration.

5. Same—*error in instruction must be misleading to reverse.* Error in an instruction is not ground for reversal if it is apparent, in view of the other instructions, that it could not have misled the jury.

6. Evidence—*general objection at trial does not permit of specific objection on appeal.* Parties cannot be allowed to make a general objection to the admission of evidence at the trial and then insist upon a specific objection on appeal which was not urged at all at the trial and which might have been obviated by other proof.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Robert B. Shirley, Judge, presiding.

This is an action on the case, brought on February 19, 1898, by appellee against the appellant company, and the Chicago and Calumet Terminal Railway Company, to recover damages sustained by appellee, as the owner of lot 24 of block 3 in Taylor's second addition to South Chicago, situated at the south-east corner of Ninety-fifth street and what is or has been variously known as First avenue, Avenue A, and Avenue O, in South Chicago, now in the city of Chicago, by reason of the construction of the easterly of two railroad tracks, which cross Ninety-fifth street at an angle of about forty-five degrees, though slightly curved north-easterly and south-westerly, the easterly rail of the westerly track, and both rails of the easterly track, continuing at the same angle across First avenue south of the south line of Ninety-fifth street, the tracks in question being constructed and operated along the side of and in front of appellee's premises. The trial was before the court and a jury, and resulted in judgment in favor of appellee and against appellant for the sum of $1500.00, the court having instructed the jury to find the Chicago and Calumet Terminal Railway Company not guilty. An appeal was taken to the Appellate Court, where the judgment of the circuit court was affirmed. The present appeal is prosecuted from the judgment of affirmance, so entered by the Appellate Court.

The *locus* in 1885 was in the village of Hyde Park, subsequently annexed to the city of Chicago. In 1885, as is alleged in the declaration, the appellant, the Calumet and Chicago Canal and Dock Company, procured an ordinance from the village of Hyde Park, allowing it to construct, lay down, maintain, and operate with steam power not to exceed two railroad tracks with all necessary side tracks and branches from the Baltimore and Ohio railroad tracks to the shore of Lake Michigan, and passing along and over First avenue adjacent to the premises in question, and passing over Ninety-fifth street at a curve eastward from the intersection of First avenue with

Ninety-fifth street.  The appellant laid one track, crossing Ninety-fifth street diagonally in a north-easterly direction a short distance from appellee's premises in 1885; and, in 1896, the Chicago and Calumet Terminal Railway Company, being then appellant's lessee, laid another track easterly from the first one, and parallel therewith, which has been continuously operated since its construction.

Appellee's lot is situated on the corner of Ninety-fifth street and First avenue, fronts north on Ninety-fifth street, is twenty-four feet in width, and runs back one hundred and thirty and one-half feet in depth along First avenue.  There is a house on the property, the lower part of which is fifty-eight feet in length, and the upper part forty-four feet in length, the entire building being twenty-two feet wide.  In the rear is another building sixteen by eighteen feet, containing two families.  The lower front part is a store, rented out at the time of the trial for a saloon.  Appellee lives with her family in the upper part.

The evidence tends to show, that there are two switches west of the house, one about twenty-five feet from the side door and one further south; that there are four switches near the corner; that the distance from the north-west corner of lot 24 to the easterly track along the north side of the lot is nine and three-tenths feet; that it is between five and six feet from the north-west corner of the platform in front of the house to the center of the track; that First avenue lies on the west side of lot 24, is thirty-three feet wide, and extends from Ninety-fifth street to the south side of the alley in the rear of the lot; that the distance between the east track and the sidewalk on the west line of lot 24 is nine feet; that there are three windows on the first floor on the west side, and one door; that the windows are all on the south side of the door; that the door is very close to being opposite the switch; that there is no other door on the west side

of the house; that there are four windows on the second
floor facing west, and three facing north; that there is a
fence on the west side of the property enclosing about
nine feet of the street; that there is a platform over a
ditch or gutter running along in front of the house, which
platform extends about twenty-two feet north from the
north line of the lot, and is somewhat raised above the
level of the sidewalk, forming a bridge across the ditch,
and was constructed for convenience of access from the
roadway to the store, and for moving heavy articles into
the store.

JESSE B. BARTON, for appellant.

LYNDEN EVANS, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the
court:

*First*—The first point, made by the appellant, is that
its plea of the Statute of Limitations should have been
sustained.   While counsel on neither side state how the
point thus made arises, yet we presume that it is based
upon the refusal of the court to give to the jury the fol-
lowing instruction:

"The jury are instructed that, if you find from the evi-
dence that this suit was not commenced within five years
from the date of the construction and operation of the
first track built by the defendant, the Calumet and Chi-
cago Canal and Dock Company under its ordinance, then
the plaintiff in this case, as a matter of law, cannot
recover any damages alleged in the declaration in this
case, and you should find the defendants not guilty."

Under the ordinance, originally passed by the village
of Hyde Park, appellant had the right to construct and
maintain two railroad tracks with necessary side-tracks
and branches, etc.   One of these tracks it constructed
in 1885 or 1888, or at some time prior to 1890, but it con-
structed the second track, east of the first and nearer to

195—26

the premises in question, in 1896.  This suit was begun on February 19, 1898, and it is brought to recover damages to appellee's property for the construction of and operation of cars upon the east track alone.  The east track having been constructed less than two years before the beginning of the suit, the court below committed no error in refusing to sustain the plea of the Statute of Limitations of five years.

The passage of the ordinance was not the beginning of the damage to the property of appellee.  It was not apparent, when the ordinance was passed, that it would ever be acted upon, or that both of the tracks, allowed by the ordinance, would ever be built.  No damage is claimed for any act or thing done upon the first track constructed before 1890.  The damage done was the building of the second track immediately next, and in front of appellee's premises in 1896, and the operation and switching of cars thereon.  Until the second track was built, no damage was done.  The contention of appellant seems to be, that all damage, ascribed to the building and operating of the road under the ordinance, must be intended to have arisen at the time when the railroad company entered upon the streets and laid the first track. Certainly, the appellee is entitled to recover for damage done to her property by reason of the laying of the second track in 1896.  It cannot be claimed that damage resulted to her from the passage of the ordinance authorizing the laying of the tracks.  The mere grant of authority to construct the road does not do the damage, but the damage is done by the construction and operation of the road.  When the property of an abutting owner is damaged, his right under the constitution to compensation is not confined to cases of illegal trespass, but may be caused by acts which are perfectly legal.  The operation of the road upon a single track may leave a large portion of the street to the use of the general public, and thereby do but little harm, but the adding of one or more

additional tracks may both interfere with the use of the street by the public, and with the access of the abutting owner to his property. (*Maltman* v. *Chicago, Milwaukee and St. Paul Railroad Co.* 41 Ill. App. 229).

The evidence is conflicting upon the question, whether or not the premises were damaged by the construction and operation of the easterly track, but there was evidence enough to justify the court in submitting the question to the jury. The evidence tends to show that, before the second or easterly track was laid, access to the store in appellee's building was easy, but that afterwards it became impossible, parties desiring to approach the front of the house or the side of the house finding it almost impossible to do so by reason of the switching and passing and re-passing of cars, which were constantly going on. The evidence tends to show, that appellee's ingress to and egress from her premises were seriously interfered with by the construction of the second track. The proof also tends to establish the fact, that the engines threw smoke and cinders into the house, so that appellee could not dry her clothes after washing them without their becoming soiled with smoke, or open her windows without letting in smoke and cinders; that trains in passing shook the building, and, as one witness says, "threw cinders against it like hailstones." Many witnesses testified, not only as to the difficulty of access to the building, and the difficulty of ingress to and egress therefrom, but also that the engines of passing trains threw smoke, soot and cinders into the house. No evidence was introduced by the appellant, contradicting the testimony of appellee as to the frequent passing of locomotive engines, or the casting of smoke and cinders into appellee's premises.

In *Pittsburg, Ft. Wayne and Chicago Railroad Co.* v. *Reich,* 101 Ill. 157, the action was case, brought against a railroad company to recover damages for injury to a five-acre lot on the corner of Fifty-ninth street and Stewart avenue in Chicago by reason of the location and oper-

ation of certain railroad tracks on said avenue; the declaration there alleged the wrongful occupation of the avenue with four railroad tracks, so as to render it impassable for vehicles, and so as to deprive the appellee therein of ingress and egress to and from the premises; it also alleged, that the company so carelessly and negligently managed and operated the road that large quantities of cinders, dust and coal were thrown and cast upon the premises; the Statute of Limitations was pleaded there as here; it there appeared that the railroad company laid down its first track in 1858, its second track in 1869, and two other tracks in 1874; proof was introduced tending to show damage to the market value of the plaintiff's property, and also special injury by being cut off from access to the property, and from dust, cinders, etc., and, in that case, this court considered the question of damages from the building of additional tracks where the recovery of damages, if any, from former tracks was barred by lapse of time. In that case, after referring to the fact that two tracks had been laid in the street, but in such a way as not to appropriate the entire street, so that the public could use the balance of the street, the court said (p. 176): "It did in 1874, less than two years before suit was brought, occupy it by laying thereon two additional tracks, and, as the evidence tends to show, thereby completely excluded its use for ordinary street purposes, and on that side cut off appellee's access to his lot;" and it was there held, that the lot owner had a right of action to recover damages by reason of such cutting off of access to his lot.

*Second*—Complaint is made by appellant of the giving of certain instructions, which were given by the trial court for the appellee. These instructions told the jury that, if from the evidence they should find the defendant guilty, then, in estimating the damages, they might consider the noise occasioned by the moving of trains, and smoke, and soot, and cinders, if the jury should find from

the evidence that smoke, soot and cinders, and the noise of moving trains damaged the plaintiff's premises; that, as a matter of law, if they should believe from the evidence that the plaintiff had sustained damage by reason of the acts of the defendant complained of, that then the measure of damages was the deterioration in value of the plaintiff's premises resulting from the acts of the defendant; that, although the noise made by passing trains was a necessary incident to the proper operation of the railway, yet, in so far as such noise would have a tendency to render plaintiff's premises less valuable in the market, it was an element of damage which the jury might properly take into consideration, provided they believed from the evidence that the plaintiff's premises were damaged by the noise of passing trains, as complained of in the declaration; that, as a matter of law, if they should believe from the evidence that the defendant, the Calumet and Chicago Canal and Dock Company laid, or authorized the laying of the second or eastward track along the west side of the plaintiff's premises and crossing Ninety-fifth street on a curve to the eastward, then the Calumet and Chicago Canal and Dock Company was liable for all damage which might result from the ordinary use, to which said track might be put by any lessee of that company, or by any company operating the said tracks under any arrangement, authorizing the operation thereof, to which said company was a party.

The doctrine announced in these instructions is sustained by the following cases decided by this court: *Chicago, Peoria and St. Louis Railway Co.* v. *Leah*, 152 Ill. 249; *Chicago, Peoria and St. Louis Railway Co.* v. *Nix*, 137 id. 141; *Lake Erie and Western Railroad Co.* v. *Scott*, 132 id. 429; *Pittsburg, Ft. Wayne and Chicago Railroad Co.* v. *Reich*, 101 id. 157; *Rigney* v. *City of Chicago*, 102 id. 64; *Chicago, Milwaukee and St. Paul Railway Co.* v. *Darke*, 148 id. 226.

However, as we understand the argument of appellant's counsel, it does not deny the soundness of the

doctrine of these instructions, as announced in the cases above referred to; but the main objection made to them by counsel is, that they should have been refused or modified so as to limit the jury to a consideration of only such acts or things as were done in the streets, or arising out of the use of such part of the tracks as were laid in the streets. The instructions are criticised as being general, and upon the alleged ground that, under them, the jury could consider all damages to the property by reason of the construction and operation of all the tracks shown on the plat. If the instructions are justly subject to this criticism, the defect was cured by two instructions, which were given on behalf of the appellant, and at its request. By these two instructions the jury were instructed, that the plaintiff in the case had offered no evidence of damages occasioned by the construction or operation of the first track, and could recover no damages accruing therefrom, and that no damages were recoverable by the plaintiff to her property, described in the declaration, for any act or thing done on any other of the tracks of the defendant company except what was done on so much of the east or second track, as was situated in or on Ninety-fifth street and First avenue, or Avenue O. By this latter instruction the court limited the jury to the damage complained of in the declaration.

Complaint is made of an instruction, given by the court to the jury on behalf of the appellee to the effect that, as a matter of law, if they should believe from the evidence that the plaintiff had sustained damage by reason of the acts complained of in the declaration, then in assessing the damages they might consider all the facts which they believed from the evidence and their view of the premises, contributed to produce such damage, as, that the property was in a permanently worse condition for yielding rent or income; that its use to the plaintiff was more dangerous, and that there was danger of fire from passing engines, and all other actual inconveniences

and damages the property might sustain in its use, not only for the present but for the future.

As to the view of the premises by the jury, it is shown in the record that, immediately before appellee testified in rebuttal, it was agreed between counsel for the parties that the jury should be allowed to view the premises. The only part of the instruction, which is criticised, is that which is embraced in the last clause, to-wit, "all other actual inconveniences and damages the property may sustain in its use, not only for the present but for the future." This instruction, or an instruction substantially the same as this, was indorsed by this court in the case of *Chicago, Peoria and St. Louis Railway Co.* v. *Nix, supra.* But if this instruction was erroneous, we agree with the Appellate Court, when they say in their opinion, that the error in it was not sufficient to warrant a reversal, for the reason that the jury could not have been misled by it in view of other instructions.

The instructions given to the jury were favorable to appellant, because they told the jury that, in the recovery of damages in a suit against a railroad company for injuring the property fronting on the street in the city over which the railroad passes, where there is any liability at all, it is confined to the direct physical injury done to the property by the location and operation of the road. In other words, the jury were told in several instructions that damages for physical injury only could be recovered. And yet this court has held in a number of cases that the recovery should not be limited to direct physical injury only. (*Lake Shore and Michigan Southern Railway Co.* v. *Chicago and Western Indiana Railroad Co.* 100 Ill. 21; *Rigney* v. *City of Chicago,* 102 id. 64; *Chicago, Peoria and St. Louis Railway Co.* v. *Leah,* 152 id. 249). In *Lake Shore and Michigan Southern Railway Co.* v. *Chicago and Western Indiana Railroad Co. supra,* we said (p. 33): "The limitation of the recovery of damages to those for the direct physical injury to the land was too restricted

under the above cited decisions of this court, which are to the effect that there should be compensation for all such incidental loss, inconvenience and damage which may reasonably be expected to result from the construction and use of the crossing. And we think the above refused instruction asked by the defendants should have been given." In *Chicago, Peoria and St. Louis Railway Co.* v. *Leah, supra,* we said: "It is next contended that it was error in the trial court to admit evidence in regard to noise made by appellant's trains in passing and re-passing appellee's premises, and to permit witnesses to testify as to what effect the 'passing and re-passing of appellant's trains would have upon appellee's property, taking everything into consideration.' Appellant argues this claim on the theory, that damages can be recovered only on account of a *direct physical* injury to the *corpus* or subject of property. This is a misapprehension of the law. It was material and proper that appellee should be permitted to prove the special disadvantages and annoyances, which interfered with the full enjoyment by him of that use and benefit of his property to which the law entitles him." (Citing a number of cases).

*Third*—In order to show title in herself, the appellee introduced in evidence, in connection with her own testimony, a certified copy of the will of her deceased husband. The certified copy was so certified by the clerk of the probate court of Cook county, stating "the annexed and foregoing to be a true and correct copy of the last will and testament of Michael Jandsinski, deceased, as appears from the original on file in my office." It is said that this certificate did not prove probate, or that the will was proven and was admitted to probate, but merely showed the fact that a document was on file in the office of the probate clerk, which purported to be the will of the deceased.

It is sufficient to say, in regard to this objection, that it was not made upon the trial in the court below. Had

the particular point now urged been made on the trial, it might have been possible that the court would have permitted a copy of the probate of the will, as well as a certified copy of the will itself, to have been offered in evidence. Upon an examination of the original record, we find that this certified copy of the will was objected to on other grounds than that now urged upon our attention. Parties cannot make a general objection upon the trial below, and then insist upon a specific objection in this court, which was not specified at all in the trial court. (*Chicago and Alton Railroad Co.* v. *Morgan,* 69 Ill. 492; *Wilson* v. *King,* 83 id. 232; *Clevenger* v. *Dunaway,* 84 id. 367). In *Chicago and Alton Railroad Co.* v. *Morgan, supra,* it was held that, where an objection to evidence is made generally, a particular objection to its admission, which might have been obviated by other proof, will not avail on appeal or error.

The judgment of the Appellate Court, affirming the judgment of the circuit court, is affirmed.

*Judgment affirmed.*