(No. 2570—

JESSE L. RULE AND FRANCIS M. RULE, AS JOINT TENANTS AND NOT AS TENANTS IN COMMON, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 13, 1941.*

F. J. TECKLENBURG, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

532

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

At the time of the filing of the complaint herein, the claimants, Jesse L. Rule and Frances M. Rule, his wife, were the owners, as joint tenants, of the following described property, to wit: Lot numbered four (4) of block numbered six (6) of "Twelve Oaks," in the City of Belleville, County of St. Clair and State of Illinois, according to the plat thereof recorded in the Recorder's Office of said St. Clair County. Such lot has a frontage of fifty (50) feet on Fifteenth Street (which extends in a northerly and southerly direction), is One Hundred Thirty (130) feet in length, and has an alley at the rear thereof.

On August 2, 1939 the claimants conveyed the above described property by warranty deed to Elizabeth Roedesheimer, but in the deed of conveyance the claimants specically reserved their claim against the State of Illinois for damage to said premises on account of the construction of the highway and embankment described in the complaint herein. Consequently, any award which may be made herein must be made to the claimants, notwithstanding the aforementioned conveyance to Elizabeth Roedesheimer.

On December 4, 1926 the Board of Supervisors of St. Clair County adopted a resolution selecting a system of State-aid roads in said County, which said resolution was approved by the Department of Public Works and Buildings of the respondent on January 7, 1927. Thereafter said Board of Supervisors selected, as a part of said State-aid system, a certain highway which extended in an easterly and westerly direction along the north property line of the claimants' prop-

erty, and which was laid out over a tract of land which had been previously owned by the Southern Traction Company but was not being used for right-of-way purposes.

On December 20, 1933 the said Department of Public Works and Buildings awarded a contract for the construction of that part of said State-aid road which extends along the north line of claimants' lot, which said road thereafter was known as S. B. I. Route No. 13.

Said S. B. I. Route No. 13 was constructed in 1934, and in the construction thereof, there was a grade separation over the tracks of the Illinois Central Railroad Company. In connection with such grade separation, a viaduct was constructed over such tracks, with an embankment leading thereto, which started at grade near the center of Fifteenth Street and rose gradually to meet the west end of the viaduct, at which point the elevation was twenty-two (22) feet above the level of the natural ground. At the east end of the claimants' lot the elevation was 11.3 feet above the level of the natural ground.

At a point on the highway about fifty-six (56) feet east of the east line of Fifteenth Street a concrete retaining wall was constructed by the respondent. Such retaining wall was approximately fourteen (14) inches in height at the west end thereof and increased in height to eight (8) feet at the east line of the claimants' lot extended in a northerly direction.

The foundation for the retaining wall approximately coincides with the north property line of claimants' lot. The main body of such retaining wall is from twenty-two (22) to twenty-four (24) inches north of claimants' north property line, and extends in an easterly direction to a point twenty (20) feet east of the east lot line, being to the east side of the alley at the rear of claimants' property, as a result of which access through the alley is entirely obstructed.

Claimants' lot is improved by a frame five-room-and-basement bungalow, having a bathroom, but no fixtures therein. At the rear of the lot there is a chicken house and outdoor toilet. The dwelling house was constructed in 1924, is located about 8.3 feet south of the north property line; is 38 feet long and 28 feet wide, and has a 7½-foot porch which extends across the entire front of the house. The house is in good condition and is equipped with furnace, electricity, gas and water, and is situated about 24 feet from the concrete pavement.

Claimants contend that by reason of the construction of the improvement in question, access to their premises has been interfered with, the foundation walls of the house have been cracked, whereby the water seeps through; the walls of the house have become cracked as the result of vibration from the traffic; water, slush and mud wash onto the claimants' premises in wet weather; and in dry weather dust from the highway blows onto the premises and requires them to keep the windows closed, and that by reason thereof, the fair cash market value of their property has decreased Fifteen Hundred Dollars ($1,500.00).

There is little dispute about the facts in the case, and the principles of law covering such facts have been quite well established by repeated decisions of our courts. Claimants' right of recovery is and must be based upon the provisions of Section 13 of Article 2 of the Constitution of this State which provides that private property shall not be taken or damaged for public use without just compensation.

It is well settled that in cases of this kind, that is, in cases where private property is not taken, but is damaged for public use, the proper measure of damages is the difference between the fair cash market value of the property unaffected by the improvement and the fair cash market value thereof as affected by it. (*Brand* vs. *Union Elevator Co.*, 258 Ill. 133; *Department of Public Works* vs. *Caldwell*, 301 Ill. 342; *Department of Public Works* vs. *McBride*, 338 Ill. 347.)

It is also well settled that the aforementioned constitutional provision was not intended to reach every possible injury that might be occasioned by a public improvement, and that to warrant a recovery it must appear that there has been some direct physical disturbance of a right, either public or private, which the plaintiff enjoys in connection with his property and which gives it an additional value, and that by reason of such disturbance he has sustained a special damage with respect to his property in excess of that sustained by the public generally. (*Rigney* vs. *City of Chicago*, 102 Ill. 64; *I. C. R. R. Co.* vs. *Trustees of Schools*, 212 Ill. 406; *Illinois Power and Light Corporation* vs. *Talbott*, 321 Ill. 538.)

Also, in order to warrant a recovery, the damage must be different in kind from that sustained by the people of the whole neighborhood. If it differs only in degree from that suffered in common by the people of the whole neighborhood,

the injury is not within the provisions of the Constitution. (*City of Winchester* vs. *Ring,* 312 Ill. 544.)

Also, that the opinions of witnesses must be based on such elements as form a proper basis for the establishment of a depreciation in the fair cash market value of the property, and remote speculative or contingent injuries cannot be considered, as such elements are not recognized by the law as elements entering into the damages which may be allowed. That is to say, depreciation in market value will not sustain a claim for damages to land not taken unless such depreciation results from a cause which the law regards as a basis for damages. (*Illinois Power & Light Corporation* vs. *Talbott,* 321 Ill. 538; *Rockford Electric Co.* vs. *Browman,* 339 Ill. 212.)

Also, that in cases involving damages to land not taken the burden of proof is upon the property owner to prove the damages claimed. (*Illinois Power & Light Corporation* vs. *Barnett,* 338 Ill. 499; *East St. Louis Light Co.* vs. *Cohen,* 333 Ill. 218; *Illinois Power & Light Corporation* vs *Talbott,* 321 Ill. 538.)

In this case there is no question but what the property of the claimant has been depreciated in value as the result of the construction of the improvement, and the only question for our determination is the extent to which the property has been depreciated as the result of elements which the law recognizes as proper elements in cases of this kind.

The following have been recognized as proper elements of damage, to wit:

1. Interference With the Right of Access.
 *Rigney* vs. *City of Chicago,* 102 Ill. 64;
 *Barnard* vs. *City of Chicago,* 270 Ill. 27;
 *Lydy* vs. *City of Chicago,* 356 Ill. 230.
2. Interference With the Natural Drainage, and Casting Mud and Water Upon the Premises.
 *Nevins* vs. *City of Peoria,* 41 Ill. 502;
 *City of Bloomington* vs. *Brokaw,* 77 Ill. 194;
 *City of Bloomington* vs. *Pollock,* 141 Ill. 346;
 *Fleming* vs. *E. J. & E. Ry. Co.,* 275 Ill. 486.
3. Interference With the Right to Have Light and Air From the Public Highway Unobstructed By Any Encroachment.
 *Field, et al.* vs. *Barling,* 149 Ill. 556;
 *Barnard* vs. *City of Chicago,* 270 Ill. 27;
 *Gerstley* vs. *Globe Wernecke Co.,* 340 Ill. 270.

In a number of railroad cases our Supreme Court has held that as to abutting property owners, the noise and vibra-

tion of passing trains and the casting of smoke, dust, ashes and cinders upon the premises in a considerable amount, are all proper elements of damage.

*Nix* vs. *C. P. & St. L. Ry. Co.*, 137 Ill. 141;

*C. M. & St. P. Ry. Co.* vs. *Darke*, 148 Ill. 226;

*C. P. & St. L. Ry. Co.* vs. *Leah*, 152 Ill. 249;

*I. C. R. R. Co.* vs. *Turner*, 194 Ill. 575;

*Calumet, etc. Dock Co.* vs. *Morawitz*, 195 Ill. 398;

*I. C. R. R. Co.* vs. *Trustees of Schools*, 212 Ill. 406.

In the case of *Aldrich* vs. *Metropolitan, etc. Elevated Ry. Co.*, 195 Ill. 456, the railroad did not abut upon the plaintiff's property, and although some of the counts of the declaration stated a good cause of action, the court held that the evidence failed to show any direct physical disturbance of any right, public or private, which the plaintiff enjoyed in connection with her property, and that the damages which she sustained were of the same kind as those sustained by the general public, and that therefore she was not entitled to recover therefor.

Our attention has not been called to any case in which noise, fumes or dust arising from the usual automobile traffic upon a State Bond Issue Route have been considered proper elements of damage;—and under the evidence in this case we do not consider them such.

Three witnesses testified as experts on behalf of the claimants and stated that in their opinion the claimants' property was damaged as the result of the construction of the improvement in the amount of $1,206.59. Three witnesses also testified as experts on behalf of the respondent and gave their opinion that the property had depreciated as the result of the construction of the improvement in the amount of $700.00.

The court viewed the premises, and considering such view and the testimony of all the witnesses, and the elements considered by them in arriving at their several opinions, we believe that the property of the claimants was depreciated in value as the result of the construction of the improvement in the amount of Seven Hundred Dollars ($700.00), and an award is therefore entered in favor of the claimants for such amount.